Frank Dewey O'DELL, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–82–255.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1982.

Patti Palmer, Deputy Appellate Public Defender, E. Alvin Schay, Acting Appellate Public Defender, Norman, for petitioner.

No appearance by respondent.

## OPINION

BRETT, Presiding Judge:

This case comes to this Court on Writ of Certiorari. Petitioner, Frank Dewey O'Dell, was charged in Kay County District Court on December 21, 1981, by Amended Information with two counts, Uttering Forged Instrument, Case No. CRF–81–287. At that time O'Dell was on probation for an October 9, 1981, conviction for the crime of Forgery in the Second Degree, Case No. CRF–81–216. At his arraignment in the present case petitioner waived his right to a preliminary trial, and entered a plea of guilty. O'Dell was sentenced on January 27, 1982, to ten (10) years with seven (7) years suspended, on each count. Further, his probation on the earlier conviction was revoked with sentence to run concurrent with the sentence in the present case. No transcript of the January 27, 1982 proceeding was made, and no motion or request by petitioner for same appears in the record. Two days after sentencing on the plea petitioner made an application to withdraw his plea of guilty. On February 10, 1982, in a motion hearing in which a transcript was made, the district court denied the motion. Petitioner subsequently gave timely Notice of Intent to Appeal. It is the overruling of the February 10, 1982, motion that is the subject of this appeal.

Due to the nature of this appeal, the facts of the actual crime are irrelevant to this Court's determination of the matter. A few additional points, however, are important. Petitioner made his initial appearance on December 14, 1981, the date of his arrest, and was advised of his rights and appointed counsel through the Public Defender's office. O'Dell made his January 27, 1982 plea of guilty in writing, after consultation with his attorney. Petitioner then sent a handwritten note to the Kay County Court Clerk on January 29, 1982, indicating his desire to withdraw his plea. At the motion hearing, O'Dell stated that his decision to withdraw his plea was prompted by conversations he had with inmates at the Kay County Jail concerning the conditions at the Oklahoma State Prisons.

Petitioner now alleges the trial court committed reversible error by not ordering the transcription of the January 27, 1982 proceeding in which he entered his guilty plea. Accordingly, petitioner cites Rule 4.2 of the Rules of the Court of Criminal Appeals, 22 O.S. 1981, Ch. 18, App., wherein it is stated:

In order to perfect a certiorari appeal, the appellant must file, within ninety (90) days from the date the judgment and sentence is pronounced, a petition for a writ of certiorari, a certified copy of the proceedings in which the plea of guilty was taken. The transcript should include the proceedings held on the court's acceptance of the plea, the pronouncement of the judgment and sentence and the hearing on the application to withdraw the plea of guilty. . . .

It is the contention of the petitioner that because the plea was entered and accepted in a proceeding that was not reported as required under this rule, he should be permitted to withdraw his plea. Further buttressing his argument, petitioner cites several cases from this Court and the United States Supreme Court generally recognizing an indigent's right to a transcript at trial. *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *Jeffries v. State,* 9 Okl.Cr. 573, 132 P. 823 (1913). But, the issue herein is not whether an indigent has a right to a transcript so that he may perfect an adequate record on appeal, of

which this Court has long recognized. *See, e.g., Parrott v. State,* 479 P.2d 619 (Okl.Cr. 1971). Rather, at issue is whether the burden rests with the trial judge or with counsel to ensure that the proceeding is reported. This Court has adhered to the view that recordation is to be made only upon request of counsel. In *Higgins v. State,* 506 P.2d 575 (Okl.Cr.1973), this Court refused to reverse a conviction because certain portions of a trial proceeding were not recorded when there was no clear request by counsel for recording made to the court reporter. The Court in *Higgins,* squarely rejected the argument that the trial court erred in failing to report all stages of the proceeding because the omission precluded review of that part of the record by this Court. 506 P.2d at 578. The Court recognized that counsel simply did not avail themselves of the proper method to preserve the record on appeal. The present case is indistinguishable in that regard. Thus, this Court's rule for perfection of a certiorari appeal has no application as to who is responsible for ensuring that recordation is made.

■ Petitioner does not cite, nor does there appear any statutory law in Oklahoma supporting the proposition that it is the duty of the trial judge to order a transcript made. It is apparent that the legislature, insofar as it has spoken on the matter, has contemplated that a transcription should be made only at the request of the parties. Thus, in 20 O.S.1981, § 106.4(b) in regard to the duties of a court reporter it is stated:

> *Upon request of either party* in a civil or criminal case the reporter shall transcribe the proceeding, or so much thereof *as may be requested by the party,* ... (emphasis added)

Further, with respect to the recordation of preliminary examinations, it is stated in 22 O.S.1981, § 258:

> First: The witnesses must be examined in the presence of the defendant, and may be cross-examined by him. *On the request of the district attorney or the defendant, all the testimony must be reduced to writing* in the form of questions

and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, ... (emphasis added)

Hence, the intent of the legislature is clear—that recordation should be made only at the request of the parties.

■ Petitioner, though not directly challenging the voluntariness of his plea, argues that there still remain "unanswered questions" about the voluntariness of the plea because no transcription was made. This Court set down the proper guidelines for the trial courts to follow with respect to voluntary guilty pleas in *King v. State,* 553 P.2d 529 (Okl.Cr.1976). Petitioner admits that these procedures were met in his case. [Brief of Petitioner, p. 4]. Once the procedure for ensuring the voluntariness of a guilty plea is met, it is within the sound discretion of the trial court whether to grant or deny an application to withdraw the plea. *See e.g., Elmore v. State,* 624 P.2d 78 (Okl.Cr.1981); *Darnell v. State,* 623 P.2d 617 (Okl.Cr.1981).

Furthermore, this Court indeed has before it not only the written petition to plead guilty in which petitioner attests to the voluntariness of his plea and made only after consultation with counsel, but also has before it a transcript of the Motion to Withdraw proceeding itself. Examination of that record shows that all the requisites for voluntariness of plea were met. O'Dell admitted he freely entered into the plea, that he discussed the plea with counsel, and that he understood the consequence of entering the plea. [Tr. pp. 10–11]. Further, petitioner admitted to having committed the offense, and that he had no new matter or defense to offer in his behalf. [Tr. pp. 9–10]. Petitioner stated the reason for his change in plea was because of his fright of going to prison. [Tr. p. 13]. On this record the trial court did not err in refusing to allow the withdrawal of plea by petitioner. See *Tahsequah v. State,* 602 P.2d 232 (Okl. Cr.1979); *Lee v. State,* 520 P.2d 697 (Okl.Cr. 1974).

The judgment and sentence is, accordingly, AFFIRMED.

BUSSEY and CORNISH, JJ., concur.