George Patrick COYLE, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. C–84–222.

Court of Criminal Appeals of Oklahoma.

Sept. 25, 1985.

Elaine Meek, Asst. Appellate Public Defender, Norman, for petitioner.

No appearance by respondent.

## OPINION

PARKS, Presiding Judge:

The petitioner, George Patrick Coyle, entered a plea of guilty to the charge of Robbery by Force and Fear, First Degree, in the District Court of Comanche County, Oklahoma, Case No. CRF–83–773. The guilty plea was entered without a recommendation from the District Attorney. The trial court accepted the plea and sentenced the petitioner to fifteen (15) years' in prison. Petitioner filed a timely application to withdraw his plea of guilty. Subsequent to the evidentiary hearing on petitioner's application, the trial court denied petitioner's request. Petitioner has filed a petition for Writ of Certiorari in the form and within the time allowed. We assume jurisdiction.

Petitioner raises one issue in his appeal. He alleges the trial court failed to follow the minimum requirements of *King v. State*, 553 P.2d 529 (Okl.Cr.1976), therefore rendering as fundamentally defective the acceptance of his plea of guilty. We agree.

■ The alleged facts underlying the charge filed against the petitioner will not be recited, as they are irrelevant to a disposition of this case. An examination of the record made at the hearing on petitioner's offer to plead guilty reveals that two of the three major requirements as set forth in *King* were not met. The trial judge made the requisite judicial determination of the petitioner's competency by asking defense counsel if he thought petitioner was competent, and by asking the petitioner his name, age and if he thought himself competent. This brief dialogue falls short of satisfying the requirement of an "appropriate interrogation ... regarding the defendant's past and present mental state ...," *King v. State, supra* at 534–I, A. The other deficiency was the trial court's failure to determine "... from the defendant that there was a factual basis for the plea of guilty ...," *King v. State, supra* at 535–III, B–1. The trial court accepted petitioner's guilty plea to the charge as set out in the Information, and then asked if the State wanted to say anything before judgment and sentence, since "... the court knows very little, if anything, about this case."

This Court will not dictate to the district judges of this State how to conduct hearings on pleas of guilty to satisfy the mandate of *King*. The guidelines of *King* were carefully prepared to aid the trial courts without interfering in their judicial function. Many of the judicial districts in this State are to be commended for their efforts in devising procedures that meet these requirements. One method is the practice of asking the defendant to state in his or her own words what happened. Another method that has been utilized is a form that has been worked up entitled "Petition to Enter a Plea of Guilty," which calls for the signature of the defendant, and it is recommended that the defendant complete this form in his own hand writing. This latter method provides a good record to supplement the transcript of the hearing. It also provides some insight into the defendant's competency for this Court to examine on review.

■ In this case, the trial court abused its discretion in not allowing petitioner to withdraw his guilty plea, and for this reason, the conviction will be REVERSED and REMANDED for further proceedings consistent with the views herein expressed.

BRETT, J., specially concurs.

Bussey, J., dissents.

BRETT, Judge, specially concurring:

I concur with the opinion of my brother Judge Parks. However, I wish to add a few comments of my own regarding the requirement in *King v. State*, 533 P.2d 529, 535 (Okl.Cr.1976), that trial courts determine "from the defendant that there is a factual basis for the plea."

It is clear to me that no inquiry was made by the trial judge regarding the existence of a factual basis for the plea. However, part of the problem may be that we have never had occasion to address this topic. I wish to explain here my understanding of this requirement so that the District Courts may have some guidance.

I believe the correct method for determining the factual validity of a guilty plea is that found in the *A.B.A. Standards For Criminal Justice*, § 14–1.6 (Little-Brown 1980), which states:

(a) In accepting a plea of guilty ..., the court should make such inquiry as may be necessary to satisfy itself that there is a factual basis for the plea.

(b) Generally, in determining the accuracy of a plea of guilty, the court may require the defendant to make a detailed statement in the defendant's own words concerning the commission of the offense to which the defendant is pleading.

(c) Whenever a defendant ... pleads guilty and simultaneously denies culpability, the court must take special care to make certain that there is a factual basis for the plea. The offer of a defendant to plead guilty should not be refused solely because the defendant refuses to admit culpability. Such a plea may be refused where the court has specific reasons for

doing so which are made a matter of record.

I believe the procedure recommended in sub-section (b) is the "method [which] best accomplishes the intended purpose" of the · factual basis requirement. Barkai, *Accuracy Inquiries for All Felony and Misdemeanor Pleas: Voluntary Pleas but Innocent Defendants?*, 126 U.Pa.L.Rev. 88, 135 (1977). *See also Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). This method gives "[t]he defendant ... an opportunity to give his version of the facts and the judge gains insight into such factors as specific intent and possible defenses. A presentation by the defendant is likely to suggest questions to the judge which could serve as the starting point for an ensuing colloquy." Barkai, *supra* at 135–136.

Other methods may also be useful and practical, given the situation. For example, on some occasions the defendant's statements may not be understood. In such a case his admission to those facts stated in the Information may be deemed to present a valid factual basis for the plea. *See Henderson v. Morgan,* 426 U.S. 637, 649, n.2, 96 S.Ct. 2253, 2260, n.2, 49 L.Ed.2d 108 (1976) (White, J., joined by Stewart, Blackmun, and Powell, JJ, concurring).

Although the United States Supreme Court has yet to call this requirement a necessary part of due process, the requirement serves other important purposes:

> [F]irst, it assures that a defendant who seeks to plead guilty is in fact guilty. Persons whose conduct does not fall within the charges brought by a prosecutor should not plead guilty, but unless a factual basis is required, the risk of innocent persons being adjudicated guilty is enhanced. In addition, the finding of a factual basis, when made a matter of record ..., eliminates post conviction fact-finding proceedings aimed at determining the accuracy of guilty pleas. Finally, the information developed in determining the presence of a factual basis is

often quite useful to the court at sentencing.

*A.B.A. Standards,* Commentary, § 14–1.-6(a).

The requirement that a factual basis must be shown to support the guilty plea is an important part of our criminal jurisprudence, and should be strictly adhered to. I, therefore, concur in the opinion of Judge Parks.