**John Lamar BURCH, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. C–85–346.**

Court of Criminal Appeals of Oklahoma.

May 18, 1987.

Phil Frazier, Tulsa, for petitioner.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

PARKS, Judge:

The petitioner, John Lamar Burch, entered a plea of nolo contendere to the charge of Assault With a Dangerous Weapon (21 O.S.1981, § 645), in Case No. CRF–84–2563, in Tulsa County District Court. The plea was entered without a recommendation from the District Attorney. The trial court accepted the plea and sentenced the petitioner to seven (7) years' imprisonment. Petitioner filed a timely application to withdraw his nolo contendere plea. Following an evidentiary hearing on petitioner's application, the trial court denied petitioner's request. Petitioner has timely filed a petition for Writ of Certiorari. We assume jurisdiction.

Initially, we note that a plea of nolo contendere has the same legal effect as a guilty plea except that it may not be used against the defendant as an admission in any civil suit based on the act upon which the criminal prosecution is based. *See* 22 O.S.1981, § 513. Petitioner contends that his plea was not knowingly and intelligently made, because of his mental condition at the time he pled. The incompetence claim is based on the fact that petitioner received "mental health treatment" prior to entering his plea, and that he had a past history of drug abuse. Petitioner asserts that the foregoing indicates that he was "less than totally mentally competent" when he pled nolo contendere. In *King v. State*, 553 P.2d 529, 534 (Okl.Cr.1976), this Court set forth the proper procedure for a trial court to follow in determining the competency of a defendant prior to acceptance of a guilty plea:

> The trial court must first determine if the defendant is competent by appropriate interrogation of the defendant, and his defense counsel, unless the defendant has affirmatively waived counsel, regarding the defendant's past and present mental state as well as by the defendant's demeanor before the court, whereafter:
>
> 1. If the court determines a substantial question of the defendant's competency exists, the trial court must commit the defendant as provided in [22 O.S.1981, 1175.1–1175.8]; or
>
> 2. If the court determines the defendant to be competent, the trial court shall proceed with the provisions hereinafter set forth....

This Court's decision in *King* requires the trial judge to make a determination of the defendant's competency on the record by an appropriate interrogation regarding his past and present mental state as well as by his demeanor before the court. *Id.* In *Coyle v. State*, 706 P.2d 547, 548 (Okl.Cr. 1985), this Court held that the trial court abused its discretion in refusing to allow

the defendant to withdraw his guilty plea, partially because the trial court failed to conduct an appropriate interrogation regarding the defendant's past and present mental state. In the instant case, the trial judge stated in an affidavit submitted with the State's response that: "Inadvertently, I failed to make specific inquiry regarding the defendant's competency on the record." The record is wholly silent on this issue, and shows that the trial judge failed to make any interrogation at all on the record concerning the defendant's competency to plead nolo contendere. Such an oversight is readily understandable, however, in view of the tremendous volume of cases handled by this very competent and experienced trial judge. Despite the fact that the error was inadvertent, the standards enunciated in *King* require that the appellant be allowed to withdraw his nolo contendere plea.

Accordingly, the trial court abused its discretion in not allowing petitioner to withdraw his guilty plea and, for this reason, the judgment is REVERSED and the cause REMANDED for further proceedings consistent with the views expressed herein.