Leon Keith LOVE, Jr., Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–85–642.

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for petitioner.

No response necessary.

## OPINION

PARKS, Judge:

The petitioner, Leon Keith Love, Jr., entered a plea of guilty to the charge of Injury to a Minor Child (21 O.S.Supp.1982, § 843), in Tulsa County District Court, Case No. CRF–85–1862, before the Honorable Clifford E. Hopper, District Judge. Pursuant to plea negotiations, the District Attorney recommended a sentence of four (4) years, which was imposed by the trial court. Petitioner timely filed a motion to withdraw his guilty plea, which was overruled. Petitioner timely filed a petition for a writ of certiorari. On August 20, 1986, this Court issued an order directing the preparation of the transcript of the hearing on the motion to withdraw the guilty plea, if such hearing was reported. On September 4, 1986, counsel for petitioner filed a response stating that said hearing was not reported.

In his sole assignment of error, petitioner claims that he was mentally incompetent to enter a guilty plea. He asserts that the trial court failed to make an appropriate interrogation of the petitioner to determine whether he was competent to plead guilty. In addition, the record shows that the trial judge failed to advise the petitioner concerning his right to confront the witnesses against him, his privilege against self-incrimination, the presumption of innocence, and the State's burden to prove the charges beyond a reasonable doubt. An examination of the record of the plea proceeding shows that the trial court's only question concerning the petitioner's competency was whether the petitioner was "under the influence of any drugs or medication at this time?" Petitioner answered

no. The presentence investigation report states that petitioner functions "at the upper end of the mild mental retardation range...." The final diagnosis was that the petitioner suffered from severe emotional problems and non-psychotic organic brain syndrome with mild mental retardation.

We find that the trial judge failed to conduct an "appropriate interrogation ... regarding the defendant's past and present mental state...." *King v. State,* 553 P.2d 529, 534 (Okl.Cr.1976). *See also Burch v. State,* 738 P.2d 157 (Okl.Cr.1987); *Coyle v. State,* 706 P.2d 547, 548 (Okl.Cr. 1985). In addition, the trial court's failure to inform the petitioner of his right to confrontation, his right against self-incrimination, the presumption of innocence, and the State's burden to prove the charge beyond a reasonable doubt resulted in petitioner's not being adequately advised of the nature and consequences of his guilty plea as required by *King, supra.* Accordingly, the petitioner must be allowed to withdraw his guilty plea.

On the basis of the foregoing, we find that the trial court abused its discretion in not allowing petitioner to withdraw his guilty plea. Therefore, the writ of certiorari is GRANTED, and the judgment is REVERSED and REMANDED for further proceedings consistent with the views expressed herein.

BRETT, P.J., concurs.

BUSSEY, J., not participating.