Paul ZAKSZEWSKI, Petitioner,

v.

The STATE of Oklahoma, Respondent.

Nos. C–85–538 and C–85–539.

Court of Criminal Appeals of Oklahoma.

July 14, 1987.

Lisbeth L. McCarty, Asst. Appellate Public Defender, for petitioner.

BRETT, Presiding Judge:

The petitioner, Paul Martin Joseph Zakszewski, entered a plea of guilty to Feloniously Carrying a Firearm After Former Conviction of a Felony in the District Court of Comanche County, Case No. CRF–85–31. He also pled guilty to Counts I and II of Case No. CRF–85–146, which charged him with Feloniously Carrying a Firearm After Former Conviction of a Felony and Possession of Cocaine. The court accepted the pleas and sentenced the petitioner to five years' imprisonment for each firearm charge with the sentences to run concurrently. On the cocaine charge, he was sentenced to twenty-five years' with ten years to serve and the balance suspended, with the sentence to be served consecutively to CRF–85–31. Petitioner filed timely motions to withdraw his pleas of guilty. Following an evidentiary hearing, the court denied his requests. Petitioner is before this Court on a petition for writ of certiorari.

Guidelines for acceptance of guilty pleas were established in the case of *King v. State*, 553 P.2d 529 (Okl.Cr.1976). The petitioner alleges that the trial court failed to follow the requirements of *King*, and cites as authority this Court's case of *Coyle v. State*, 706 P.2d 547 (Okl.Cr.1985). The procedural facts of this case are substantially the same as those in *Coyle*; therefore, this case must be reversed for the reasons stated in *Coyle*.

■ The first requirement set forth in *King* is that the trial court "determine if the defendant is competent by appropriate interrogation ... regarding the defendant's past and present mental state...." 553 P.2d at 534. In *Coyle*, the trial court made this determination by asking defense coun-

sel if he thought the defendant was competent and by asking the defendant his name, age, and if he thought himself competent. 706 P.2d at 548. This Court held that that brief dialogue fell short of satisfying *King*. *Id.*.

■ In the present case, the only additional questions asked were the extent of petitioner's education—high school—and the type of work he had done in the past—drilling for Parker Drilling Company. These questions are not enough to establish mental competence. *See Coyle*, 706 P.2d at 548.

■ The other deficiency in *Coyle* was the trial court's failure to determine from the defendant whether there was a factual basis for the guilty plea. 706 P.2d at 548. *See King*, 553 P.2d at 535. As was noted in the *Coyle* opinion, 706 P.2d at 548 (Brett, J., specially concurring), the American Bar Association has recommended the manner of determining the accuracy of a plea:

(a) In accepting a plea of guilty or nolo contendere, the court should make such inquiry as may be necessary to satisfy itself that there is a factual basis for the plea.

(b) Generally, in determining the accuracy of a plea of guilty, the court may require the defendant to make a detailed statement in the defendant's own words concerning the commission of the offense to which the defendant is pleading.

(c) Whenever a defendant pleads nolo contendere or pleads guilty and simultaneously denies culpability, the court must take special care to make certain that there is a factual basis for the plea. The offer of a defendant to plead guilty should not be refused solely because the defendant refuses to admit culpability. Such a plea may be refused where the court has specific reasons for doing so which are made a matter of record.

ABA Standards for Criminal Justice, Standard 14–1.6 (2d ed.1980).

In this case, the inquiry into the factual basis was grossly inadequate. At the time of the plea the trial court inquired only whether the petitioner was pleading guilty

because he committed the acts with which he had been charged. The petitioner did not make a detailed statement, nor was he even advised of the elements of the crimes charged.

When the trial court conducted a sentencing hearing thirty-one days after the plea was entered, the court asked the petitioner why he was carrying a firearm. The petitioner replied, "Sir, that was in a—that was registered to a girlfriend that was in her car and I was unaware of it at the time, sir. I borrowed her car to...." The judge interrupted the statement and proceeded to ask about the other firearm charge. One element of Feloniously Carrying a Firearm After Former Conviction of a Felony is that the defendant know the gun is there. *Williams v. State*, 565 P.2d 46, 49 (Okl.Cr. 1977). The petitioner thus was pleading guilty and simultaneously denying culpability by disclaiming knowledge. The trial court erred in not inquiring further to make certain there was a factual basis for the plea of guilty to this charge and to the others.

The trial court abused its discretion in not allowing the petitioner to withdraw his pleas of guilty, and for this reason the convictions must be REVERSED AND REMANDED for further proceedings consistent with this opinion.

PARKS, J., concurs.

BUSSEY, J., dissents.