William Greely ALLEN, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–86–726.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1987.

David K. Robertson, Tulsa, for petitioner.

## OPINION

BUSSEY, Judge:

The petitioner, William Greely Allen, was charged in the District Court of Tulsa County with the offense of Assault and Battery With a Dangerous Weapon with Intent to do Bodily Harm. On June 2, 1986, petitioner entered a plea of guilty, but the trial court withheld a finding of guilt and referred the petitioner to the Department of Corrections for a pre-sentence investigation. On July 18, 1986, the trial court made a finding of guilt and sentenced petitioner to a term of four (4) years imprisonment. After the trial court denied petitioner's application to withdraw his plea of guilt, he petitioned this Court for writ of certiorari.

In his first two assignments of error, petitioner contends that the trial court erred in refusing to allow him to withdraw his guilty plea in that the trial court did not comply with the requirements set forth in *King v. State*, 553 P.2d 529 (Okl.Cr.1976). Particularly, he argues that at the time he entered his plea the trial court did not specifically advise him that he had the right to plead not guilty, did not question him as to whether he was the victim of threats or coercion, and did not determine if there was a factual basis for petitioner's guilty plea.

The decision of whether to grant or deny a motion to withdraw a plea of guilt is a matter within the sound discretion of the trial court. *O'Dell v. State*, 654 P.2d 621 (Okl.Cr.1982). In the present case, the trial court clearly established all of the prerequisites set forth in *King* except one. The trial court did not specifically inform petitioner that he had the right to plead not guilty; however, the petitioner was advised that he was presumed to be innocent and that the State had the burden of proving all material allegations beyond a reasonable doubt. This Court has held that substantial as versus absolute compliance with plea guidelines developed by this Court may suffice if the record otherwise reflects a constitutionally valid plea. *State v. Durant*, 609 P.2d 792 (Okl.Cr.1980). After reviewing the transcript from the hearing, when petitioner entered his guilty plea, we are of the opinion that the plea in this case meets the test set forth in *Durant*. Consequently, we find no error.

In his third and final assignment of error, petitioner maintains that the trial court abused its discretion in failing to allow him to withdraw his guilty plea because the plea was entered inadvertently, unadvisably, through ignorance and without full understanding of the consequences of his plea. He alleges that he was inadvertently mislead into believing that he would be a promising candidate for probation. However, the record reflects that petitioner admitted that the Public Defender did not tell him for sure that he would be given probation, and petitioner further stated that when he pled guilty, the trial court informed him that there was no promise that he would receive probation but that his sentence was dependent upon the pre-sentence investigation. Therefore, we are of the opinion that petitioner has wholly failed to show that he entered his plea without full understanding of the consequences of his plea.

The petition for writ of certiorari is accordingly DENIED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

In the instant case, the petitioner claims that the trial court failed to determine if there was a factual basis for his guilty plea. The record shows that the trial court

read the allegations contained in the information to the petitioner and then later asked him if he was in fact guilty of the offense charged as alleged in the information. Petitioner replied affirmatively. I believe that this procedure was minimally sufficient to provide a factual basis. *See Davis v. State*, 704 P.2d 497, 499 (Okl.Cr. 1985).

I write separately, however, to emphasize that the better practice is to require the defendant to state in his or her own words what happened. *See Coyle v. State*, 706 P.2d 547, 548 (Okl.Cr.1985). As pointed out by my brother Judge Brett in his separate opinion in *Coyle*, the foregoing method gives defendants an opportunity to give their version of the facts which allows the sentencing judge to gain insight into important factors such as specific intent and possible defenses. *Id*. at 549. Such a practice further assures that defendants who plead guilty are in fact guilty of the offense charged, provides a solid record which eliminates post-conviction evidentiary hearings aimed at determining the accuracy of guilty pleas, and develops information useful to the sentencer. *Id*. On the basis of the foregoing, I concur in the opinion of Judge Bussey.