Elaine Meek, Asst. Public Defender, Tulsa, for petitioner.

No response necessary.

## OPINION

**Clyde Thomas SMITH, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

No. C–87–480.

Court of Criminal Appeals of Oklahoma.

June 24, 1988.

PARKS, Judge:

Petitioner, Clyde Thomas Smith, entered a plea of nolo contendere and was convicted of Obtaining Merchandise by Bogus Check (21 O.S.Supp.1982, § 1541.2), After Former Conviction of A Felony (21 O.S. 1981, § 51), in Tulsa County District Court, Case Nos. CRF–86–4112 and CRF–86–3586, before the Honorable Joe Jennings, District Judge. Petitioner was sentenced to fifteen (15) years imprisonment in each case, the sentences to run concurrently with each other, and with Tulsa County District Court Case Nos. CRF–86–3110, CRF–86–3102, and CRF–86–1114.

Because we find merit in appellant's third assignment of error, we find it unnecessary to address his other contentions. In his third assignment of error, petitioner asserts that the trial judge failed to make an adequate determination of competency. We agree.

In determining whether to accept a plea of guilty or nolo contendere, the trial court "must first determine if the defendant is competent by appropriate interrogation of the defendant, and his defense counsel ...regarding the defendant's past and present mental state as well as by the

defendant's demeanor before the court...." *King v. State*, 553 P.2d 529, 534 (Okla.Crim.App.1976). In the instant case, the competency evaluation consisted of the following:

> THE COURT: Are you satisfied, Mr. Reeh [defense counsel], that Mr. Smith is aware of all of his legal rights and is mentally competent to enter these pleas?
>
> MR. REEH: I am.

(S.Tr. 3)

> THE COURT: Based on statements of Judge [sic] Reeh and questioning of Mr. Smith, I'll determine that he is mentally competent to enter these pleas.

(S.Tr. 9)

The trial judge made his competency determination by asking defense counsel if he was satisfied that petitioner was competent and by questioning petitioner on non-competency areas. At no point did the trial court conduct an appropriate interrogation of the petitioner and defense counsel "regarding the defendant's past and present mental state...." as required by *King*, 553 P.2d at 534. *See Love v. State*, 738 P.2d 564, 565 (Okla.Crim.App.1987); *Burch v. State*, 738 P.2d 157, 158–59 (Okla.Crim. App.1987); *Coyle v. State*, 706 P.2d 547, 548 (Okla.Crim.App.1985).

Accordingly, for the foregoing reasons, we find that the trial court abused his discretion in not allowing petitioner to withdraw his pleas of nolo contendere, and therefore, the judgment and sentence is REVERSED and REMANDED for proceedings consistent with the views expressed herein.

BRETT, P.J., concurs.

BUSSEY, J., dissents.