Joe Clyde LAKEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14442.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Carroll Samara and John C. Monk, Jr.,
Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gene Hoyt,
Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Joe Clyde Lakey, hereinafter referred to
as defendant, was sentenced on the 4th day
of April, 1967, after having entered a plea
of guilty to the charge of Robbery with
Firearms, allegedly committed by him on
the night of April 3rd, 1967. At the time
of entering his plea of guilty he was repre-
sented by the Public Defender, who had
conferred with him prior to being appointed
by the District Court, and who appeared
with him at the time of the entry of his
plea of guilty. The court thoroughly and

meticulously advised the defendant of his rights to a jury trial, of the nature and consequences of entering the plea of guilty[1], and ascertained that the defendant had not been coerced, intimidated or abused in any way. The court, prior to the imposition of judgment and sentence, and after accepting the defendant's plea of guilty, reiterated that the defendant had a right to a jury trial and the defendant affirmatively waived his right to a jury trial and acknowledged his guilt and requested that the court immediately fix judgment and sentence. The court then, after being advised of the defendant's background and that defendant had not discussed this matter with his mother, again offered to delay the sentencing, but the defendant declined: whereupon, the court sentenced the defendant to a term of 25 years imprisonment in the state penitentiary at McAlester.[2]

On appeal the single assignment of error urged by the defendant is that his plea of guilty was entered inadvertently and before he had time in which to deliberate, and that the trial court abused its discretion in refusing to allow him to withdraw his plea of guilty. The defendant relies heavily on the fact that all the proceedings in the trial court were conducted on the same day the crime was allegedly committed, and that the proceedings were conducted in undue haste.

The record reveals that the Motion for New Trial and the Motion to Withdraw the Plea of Guilty were argued at the same time. Judge Theus, before whom the defendant had been arraigned, had plead guilty, and had been sentenced, heard argument on the Motions. The transcript of the former proceedings was read and no additional evidence was submitted in support of the Motion.

This Court has held in Baker v. State, Okl.Cr., 295 P.2d 294, in Syllabus 1, as follows:

"Where the defendant seeks to withdraw his plea of guilty and substitute therefor a plea of not guilty, the burden is upon the defendant to show that his plea of guilty was entered through inadvertence or through ignorance, influence, or without deliberation, and that there is a defense that should be presented to the jury."

Based on the record, the trial court properly denied the Motion for New Trial and Motion to Withdraw the Plea. The court having previously taken the plea was fully informed of the attendant circumstances and within its sound discretion ruled that there were no grounds to support the motion for new trial or motion to withdraw the plea. Further, the defendant has failed to show any defense that should be submitted to the jury.

■ ■ ■ Paragraphs two and three of the Syllabus of Brown v. State, Okl.Cr., 405 P.2d 698, sets forth the following:

"2. The granting or denying of permission to withdraw a plea of guilty either before or after judgment is a matter within the sound discretion of the trial court, and Court of Criminal Appeals will not interfere unless there is an abuse of that discretion."

"3. In order to sustained the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation; and that

---

1. "THE COURT: Do you know what penalty it carries? Do you know that it carries not less than five years in the State Penitentiary and it could be the electric chair or could be life in the penitentiary. Those are the possible penalties that could be given you upon a plea of guilty in this case. Do you understand that now?
   DEFENDANT: Yes. * * *" CM. 17.

2. The defendant was received at the penitentiary on the 12th day of April, 1967. CM. 26.

there is a defense that should be presented to a jury."

This Court is of the opinion that the defendant's plea was not made unadvisedly or without due deliberation, and further that he has raised no defense that should be submitted to the jury and that the trial court properly denied defendant's Motion for New Trial and Motion to Withdraw his Plea.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., concurs.