**Michael Levi TIPTON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–16682.**

Court of Criminal Appeals of Oklahoma.

June 14, 1972.

**430**

Thomas A. Wallace, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Michael Levi Tipton, hereinafter referred to as defendant, was convicted in the District Court of Creek County, Case No. CRF 70–45, of manslaughter in the first degree and sentenced to fifteen (15) years imprisonment. Judgment and sentence was imposed on March 4, 1971, and, by grant of writ of certiorari, this appeal perfected therefrom.

Initially the defendant was charged in Creek County Case No. CRF 70–45, with the offense of murder. The information charged that the defendant, Michael Schnyder, and Phillip Hollis Wood, did, on June 1, 1970, murder one William Blank who died from a gunshot wound fired by Schnyder. Defendant appeared in court on March 4, 1971, with his attorney, Mr. Elmore Page. Mr. Page stated to the court that the defendant desired to enter a plea of guilty to a charge of manslaughter. Thereupon the district attorney requested leave of the court to reduce the charge of murder to first degree manslaughter. Mr. Page expressly waived formal filing of an amended information, waived a jury trial, and entered a plea of guilty to the amended charge. The time for sentencing was waived and the court imposed judgment and sentence on the defendant's plea of guilty. On appeal defendant contends his plea was not voluntarily and intelligently entered because the record fails to disclose an express waiver of the privilege against self-incrimination and an express waiver of the right to confront one's accusers.

The transcript of the proceedings in district court indicate that the trial judge was informed that the defendant was twenty-one years of age, that Elmore Page was his attorney, and that defendant understood that he had twenty-four hours in which to enter a plea. In relevant part the record states as follows:

"THE COURT: You are now charged with the crime of first degree manslaughter, the penalty for which, un-

der the law of the State of Oklahoma, is a minimum of four years or a maximum of live [sic] imprisonment. Do you understand that?

"MICHAEL L. TIPTON: Yes sir.

"THE COURT: You have the right to plead not guilty to this charge if you care to and you have a right to a trial by jury of 12 persons who could or would determine your guilt or innocense [sic] of the crime charged against you in the amended complaint or information, as amended by the District Attorney. Do you understand that?

"MICHAEL L. TIPTON: Yes sir.

"THE COURT: You also have the right to request that the jury fix your punishment for the crime of first degree manslaughter, in the event they determine at a proper trial that you are guilty. Do you understand that?

"MICHAEL L. TIPTON: Yes sir.

"THE COURT: That is, instead of having the Court fix it.

"MICHAEL L. TIPTON: Yes, sir.

"THE COURT: Are you under the influence of any drugs, alcohol or other stimulant or depressant at this time?

"MICHAEL L. TIPTON: No sir.

"THE COURT: Now you have been furnished with a copy of the information that was originally filed against you. Do you want a copy of the amended information? That would be an amended information charging first degree manslaughter?

"MICHAEL L. TIPTON: Not at this time, no sir.

"THE COURT: I think probably, Mr. Filbeck, that you should file one, so there will be no problem. Just as to this one defendant. So there will be no hitch as to what he might have plead guilty to, if that is what he is planning to do, according to his attorney.

"MR. FILBECK: All right sir.

"THE COURT: Now you have discussed this matter fully with your lawyer and you understand it and you have had the benefit of your lawyers advice and you know exactly what you are doing

"MICHAEL L. TIPTON: Yes sir.

"THE COURT: At this time do you wish to enter a plea or do you want to take the 24 hours to plea?

"MICHAEL L. TIPTON: I wish at this time to enter a plea, your Honor.

"THE COURT: How do you plead, guilty or not guilty?

"MICHAEL L. TIPTON: I plead guilty.

"THE COURT: Now you enter this plea of guilty of your own free will and for the reason that you are guilty, is that right?

"MICHAEL L. TIPTON: Yes sir.

"THE COURT: You haven't been abused or mistreated or threatened by anyone at all to make you enter this plea?

"MICHAEL L. TIPTON: No sir.

"THE COURT: Now you have the right to have your sentencing deferred or delayed for at least two days. Now do you wish to be sentenced at this time or at the later date?

"MICHAEL L. TIPTON: I ask to be sentenced at this time.

"THE COURT: You know that you have the right to appeal to the Court of Criminal Appeals of the State of Oklahoma from any order made by this Court.

"MICHAEL L. TIPTON: Yes sir.

"THE COURT: Even the sentence and whatever occurs here?

"MICHAEL L. TIPTON: Yes sir."

Citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), defendant contends that his plea was invalid since the record does not disclose that he was advised of his right against self-incrimination and his right to confront his accusers. The relevant portion of the

432

court's opinion in Boykin v. Alabama, supra, reads as follows:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth . . . Second, is the right to trial by jury. . . . Third, is the right to confront one's accusers. . . . We cannot presume a waiver of these three important federal rights from a silent record." 395 U.S. at 243, 89 S.Ct. at 1712.

 Defendant argues, citing this language, that it is therefore necessary upon entering a plea of guilty for the trial court to expressly advise defendant of these three rights and obtain his waiver before a plea of guilty can be valid. We disagree. The court's opinion in Boykin states that these federal rights are "involved" in entering a guilty plea and their waiver can not be presumed from a silent record. The Supreme Court did not say that a trial court must expressly mention these three federal rights before there can be a valid guilty plea. Boykin v. Alabama, supra, was reversed by the Supreme Court "because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." 395 U.S. at 244, 89 S.Ct. at 1713. Thus the test established by Boykin v. Alabama is whether a guilty plea was voluntarily and understandingly entered. If the record shows that the plea was so entered, then the record is not silent as to the waiver of these three express federal constitutional rights. "A voluntary and intelligent plea of guilty by an accused constitutes a waiver of his right to be confronted by witnesses who would testify against him." Sisson v. Page, 279 F.Supp. 614, at 618 (D.C.Okl. 1968).

Upon reviewing the record we find that the defendant, while represented by counsel, understandingly and voluntarily entered a plea of guilty, fully realizing the significance and consequences of his action. The court expressly advised defendant of many of his rights, including the right to trial by jury. Although the trial judge did not expressly mention defendant's privilege against self-incrimination and right of confrontation we are of the opinion that his voluntary and intelligent guilty plea constitutes a waiver of these rights. We are therefore satisfied that the record in the instance case satisfies the ultimate requirement of Boykin v. Alabama, supra in that the defendant voluntarily and understandingly entered his plea of guilty. Accordingly, judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs in result.

SIMMS, J., specially concurring.

SIMMS, Judge (specially concurring):
Boykin v. Alabama, supra, as relied upon by Appellant and as cited by my colleague, Judge Brett, in his opinion, stands for the simple proposition that an understanding and voluntary plea of guilty will not be presumed from a silent record. For in *Boykin,* the Supreme Court of the United States emphasized in the body of its opinion, that the judge accepting the plea of guilty "asked no questions of petitioner concerning his plea, and petitioner did not address the court."

In the instant case, we do not have a "silent" record, however, it is my opinion that it would be the better practice on the part of trial judges, throughout the state, to advise a defendant, who tenders a plea of guilty, as to the defendant's privilege against self-incrimination guaranteed by the Fifth Amendment, as well as the defendant's right to jury trial and his constitutional right of confrontation.