John Paul KING, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–75–793.

Cout of Criminal Appeals of Oklahoma.

April 30, 1976.

Cal Hoover, Watson & Hoover, Ada, for petitioner.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen.; Joe Mark Elkouri, Legal Intern, for respondent.

## OPINION

BLISS, Judge.

Petitioner, John Paul King, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Pontotoc County, Case No. CRF–75–130, to the charge of Larceny of an Automobile, in violation of 21 O.S.1971, § 1720. The judge imposed a sentence of three (3) years imprisonment, whereupon the defendant made application to withdraw his plea of guilty. After an evidentiary hearing mandated by this Court in Case No. O–75–671 was held, the trial judge denied defendant's application. Defendant has filed a petition for writ of certiorari seeking the vacation of that plea of guilty. We assumed jurisdiction.

Briefly stated, the facts are as follows. Defendant waived his preliminary hearing and sought immediate arraignment. At arraignment defendant tendered a plea of guilty, whereupon the court extensively questioned the defendant regarding the voluntariness and intelligent nature of the tendered plea. Based upon plea negotiations between the Assistant District Attorney and defense counsel, the District Attorney recommended that defendant be sentenced to the minimum term of three (3) years and that all but the first year be suspended. After the District Attorney's recommmendation, defendant waived his right to a presentence investgation and sought immediate sentencing. After further proceedings the trial judge accepted the tendered plea and imposed judgment and sentence of three (3) years in the custody of the Department of Corrections at the state penitentiary. Defendant thereupon made immediate application to withdraw his plea of guilty and the trial judge reserved decision thereon.

The pertinent portion of the transcript of the proceedings immediately before pro-

nouncement of judgment and sentence reads as follows:

"THE COURT: Have you plead guilty because you expected me to follow this recommendation?

"THE DEFENDANT: No.

"MR. HOOVER [COUNSEL FOR DEFENDANT]: No, I have advised him that the Court, if the Court desires, could sentence him to twenty years in prison, is that not correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Would you plead guilty if I told you that I would sentence you to three years in the state penitentiary?

"THE DEFENDANT: (No response.)

"MR. HOOVER: I think it would, as his defense counsel, I would advise him not to plead guilty under those circumstances.

"MR. POWELL [DISTRICT ATTORNEY]: In that case, that gets the Court involved in a plea negotiation. You know the Court could send him up for twenty years—

"MR. HOOVER: He understands—

"MR. POWELL: I don't believe you can negotiate with the Court as to what he's going to do. . . ." (Tr. 20)

At the hearing on the application to withdraw the plea of guilty the trial judge refused to hear evidence in support of defendant's application and overruled same. This Court then issued a writ of mandamus in Case No. O–75–671, compelling the trial court to hear evidence in support of defendant's application.

At the evidentiary hearing, all evidence was by stipulation and can be summarized as follows. Defendant was twenty-three years of age, married and had one child of approximately six weeks of age. It was determined that on October 12, 1975, defendant was in a state of intoxication when he left Pauls Valley in his automobile.

Thereafter, defendant wrecked his automobile and then wandered aimlessly around the country on foot, finally falling into a farm pond whereupon his clothes became soaked and muddy and he lost his shoes. Subsequently, he stumbled upon the truck in question at Garr Corner, got in it, started it and then drove away. The owner of said truck observed same and made chase of defendant. Defendant stopped the truck, which had not been damaged, approximately two to two and a half miles down the road, turned off the engine and had been sitting in the truck for awhile when the owner arrived. Defendant was then taken out of the truck at gunpoint and held there until Deputy Sheriff Bond arrived. Defendant was then transported to the county jail where he was incarcerated and Deputy Bond told him that he would put in a good word for him with the District Attorney if defendant would cooperate, which he did.

Thereafter, the Assistant District Attorney represented to defendant's mother, wife and court appointed attorney that if defendant would plead guilty the State would recommend to the court that defendant serve three years in the state penitentiary, suspended, except for the first year. Defendant was advised by his mother, wife and court appointed attorney to plead guilty in light of the State's recommendation.

Once again, we are confronted with a defendant attacking his conviction upon the allegation that the trial court erred in refusing to allow him to withdraw his plea. We have, in the past, repeatedly emphasized the serious ramifications of an accused's plea of guilty and the necessity of an adequate record reflecting compliance with procedures articulated by this Court to insure an accused's plea of guilty is voluntarily and intelligently entered as mandated by the United States Supreme Court in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[1] We are now

---

1. See, *Copenhaver v. State,* Okl.Cr., 431 P.2d 669 (1967) ; *Tipton v. State,* Okl.Cr., 498 P.2d 429 (1972) ; *Smith v. Oklahoma City,* Okl.Cr., 513 P.2d 1327 (1973) ; *Cobbler v. State,* Okl.Cr., 521 P.2d 838 (1974) ; *Floyd v. State,* Okl.Cr., 535 P.2d 306 (1975) ;

implored to reverse the defendant's conviction and allow him to withdraw his plea of guilty for the reason the trial judge who accepted the plea abused his discretion by refusing to allow the defendant to withdraw his plea of guilty when the trial judge refused to follow the District Attorney's recommendation of punishment which was the result of plea negotiations between the defendant, his counsel and the District Attorney.[2] The State urges the law is well established that any recommendation of punishment by the District Attorney is not binding upon the court and the trial court has the sole discretion whether or not to grant the plea agreement and whether or not to allow the defendant to withdraw his plea of guilty. See *Lakey v. State*, Okl.Cr., 453 P.2d 329 (1969); *Thomas v. State*, Okl.Cr., 491 P.2d 781 (1971); *Feldhausen v. Oklahoma City*, Okl.Cr., 481 P.2d 793 (1973); and *Simpson v. State*, Okl.Cr., 510 P.2d 280 (1973). Thus, the State contends that the trial court did not abuse its discretion in failing to follow the District Attorney's recommendation of punishment, nor did it abuse its discretion in refusing to allow the defendant to withdraw his plea of guilty.

We now reassess our views on the issue delineated by the defendant to-wit: Should the defendant be allowed to withdraw his plea of guilty when the trial court does not accept the District Attorney's dispositional recommendation?

■ Plea discussions and plea agreements, "sometimes loosely called 'plea bargaining' ", *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971),

are appropriate but should not be hidden behind the in-court hearing at which time the accused often feels he is expected to state falsely that no agreements or promises have been made.[3] Such practices eliminate judicial supervision as an effective control of the inherent risks of "plea bargaining." Only by explicit understanding of the negotiated plea by all parties can we be assured that this "essential component of the administration of justice is properly administered." See *Santobello*, supra.

We are of the opinion that the current procedure governing the trial court's acceptance of a defendant's plea of guilty articulated by this Court in *Smith*, supra, and codified in *Feaster*, supra, requires modification by us at this time. The current procedure surrounding the tender of a plea of guilty by an accused and the acceptance by the trial court is as follows:

"In order to clarify the procedure, for all future cases, to be followed by the trial court in determining whether a defendant is voluntarily and understandingly entering a plea of guilty, whether represented by court-appointed counsel, public defender, retained counsel, or appears without counsel, the trial court must first determine if the defendant is competent by interrogation of defense counsel and the defendant as to the defendant's past and present mental state as well as by observation of the defendant. In the event the court finds there is substantial question as to the competency of the defendant, the court should commit the defendant for observation as provided by law. If the trial court determines the

---

*Feaster v. State*, Okl.Cr., 539 P.2d 401 (1975); and *Phillips v. State*, Okl.Cr., 546 P.2d 1027 (1976).

2. The defendant also challenges the sufficiency of the trial court's admonition to the defendant prior to the trial court's acceptance of the defendant's plea. In partial support thereof, defendant cites *Smith*, supra, fn. 1, and *Feaster*, supra, fn. 1. In light of our decision herein rendered, we are of the opinion that any deficiency in the admonition will be corrected upon remand.

3. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (approved draft, 1968); and The President's Commission on Law Enforcement Administration of Justice, Task Force Report (1967); The Court's inter alia, citing *Shelton v. United States*, 242 F.2d 101 (5th Cir. 1957), reversed, 246 F.2d 571 (5th Cir. 1957) (en Banc), reversed per curiam on confession of error, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958).

defendant is competent, he must then advise the defendant:

"1. That he has a right to court-appointed counsel, if the defendant appears without counsel;

"2. That he has a right to trial by jury;

"3. That he has a right to be confronted by witness who would testify against him;

"4. That he has a privilege against compulsory self-incrimination guaranteed by the Fifth Amendment;

"5. The nature and consequences of such plea, including the minimum and maximum punishment provided by law for the crime of which he stands charged;

"6. That the trial court is not bound by any recommendation made by the prosecuting attorney or any agreement entered into by defense attorney and the prosecuting attorney.

"An affirmative waiver of these requirements must be reflected in the record prior to the acceptance of a plea of guilty." at 1329

Such a procedure allows for at least the "taint of false inducement" even when the trial court properly advises the accused that the trial court is not bound by the District Attorney's dispositional recommendation.[4] Therefore, in all future cases the following procedure is applicable;

## PROCEDURE FOR TRIAL COURT'S ACCEPTANCE OF DEFENDANT'S PLEA OF GUILTY

I. Determining if the defendant is competent;

    A. The trial court must first determine if the defendant is competent by appropriate interrogation of the defendant, and his defense counsel, unless the defendant has affirmatively waived counsel, regarding the defendant's past and present mental state as well as by the defendant's demeanor before the court, whereafter:

        1. If the court determines a substantial question of the defendant's competency exists, the trial court must commit the defendant as provided in 22 O.S.1971, § 1172[5]; or,

        2. If the court determines the defendant to be competent, the trial court shall proceed with the provisions hereinafter set forth;

II. Advising the defendant of the nature and consequences of a plea of guilty;

    A. To assure the defendant is aware and understands the consequences of his plea of guilty, the trial court shall advise the defendant as follows:

        1. That he has a right to counsel if the defendant appears without counsel and that if the defendant is indigent that he has a right to court appointed counsel and, if he appears without counsel, an affirmative waiver of counsel by the defendant must be made a matter of record;

        2. That he has a right to a trial by jury and that by entering a plea of guilty he is waiving his right to trial by jury;

        3. That he has a right to be confronted by witnesses who would testify against him and

4. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (approved draft, 1968). Also compare *Quintana v. Robinson*, 31 Con.Sup. 22, 319 A.2d 515 (1973); *State v. Fisher*, Iowa, 223 N.W.2d 243 (1974); *Commonwealth v. Wilson*, 234 Pa.Super. 7, 335 A.2d 777 (1975); and *State v. Wolske*, 280 Minn. 465, 160 N.W.2d 146, 152 (1968). Also see 66 A.L.R.3d 902 (1975).

5. Title 22 O.S.1971, § 1172 reads as follows: "Determination by District Court as to sanity—Commitment.

"In the event the District Court determines that there is a doubt as to the present sanity of the individual, he shall be ordered committed to a State Hospital and proceedings against such individual shall be further suspended pending the report of the doctors of said hospital."

that by entering a plea he is waiving this right of confrontation;

4. That he has a privilege against compulsory self-incrimination and by entering a plea he is waiving his privilege against compulsory self-incrimination; and,

5. He shall inform the defendant of the range of punishment provided by law for the offense of which defendant is charged, including the minimum and maximum punishment.

B. Advise the defendant, however, that he is presumed under the law to be innocent of the crime charged in the Information or any lesser included crime therein, and that he has the right to enter his plea of not guilty and in doing so to exercise all of said enumerated rights in his behalf and that such plea requires the State to prove each and every material allegation of the Information to the satisfaction of the jury, or the court if jury is waived, beyond a reasonable doubt and if the State fails to meet said burden, the defendant will not be convicted.

III. Determining the voluntariness of the plea of guilty;

A. The trial court shall make inquiry of the parties before the court as to whether or not the tendered plea of guilty is voluntary and not the result of force, threats or coercion. If the court has any doubt in this regard, the tendered plea of guilty must be rejected.

B. The court shall next inquire as to whether or not the tendered plea of guilty is the result of a plea agreement.

1. If the court determines from the positive assertion of the District Attorney, or his assistant, and the defendant or the defendant and his counsel, if he is represented by counsel, that the tendered plea of guilty is not the result of a plea agreement and determines from the defendant that there is a factual basis for the plea of guilty, the court shall accept the plea of guilty and may proceed, in its discretion, as follows:

At the appropriate time, pronounce judgment and sentence without dispositional recommendation from the prosecutor; or ask for such recommendation with the explicit understanding by all parties appearing that the final disposition of the case, pronouncement of judgment and sentence, will be the independent act or decision of the trial court alone.

2. If the court determines from said appearing parties that the tendered plea of guilty is the result of a plea agreement and determines from the defendant that there is a factual basis for the plea of guilty, the trial court shall then require the full disclosure of the plea agreement and the trial court shall then proceed as follows:

a. Inform the defendant that the trial court concurs in the plea agreement; or,

b. Inform the defendant the trial court concurs in the plea agreement upon the condition that the presentence report, unless affirmatively waived by the defendant, and other relevant evidence are consistent with the representations made to the court at the plea hearing. However, if after receipt of the presentence report and other relevant evidence the trial court can no longer concur

in the plea agreement the trial court must then afford the defendant the opportunity to reaffirm or withdraw his plea; or,

c. Inform the defendant that he rejects or declines to concur in the agreement and that if the defendant persists in the tendered plea a sentence less favorable than the one contemplated by the plea agreement may be imposed. Whereafter the trial court must then afford the defendant the opportunity to affirm or withdraw the tendered plea.

We further urge that this new procedure be made a matter of record to help eliminate direct and collateral attacks upon convictions had upon pleas of guilty.

This case, in so far as it prescribes new procedural guidelines beyond those presently required by *Feaster,* supra, and particularly in reference to plea negotiations, is hereby declared prospective from the 15th day of May, 1976.

In the instant case we are of the opinion that the trial court under the particular facts and circumstances occurring immediately before pronouncement of judgment and sentence, and as quoted above from the transcript, abused its discretion in not permitting the defendant to withdraw his plea of guilty and for this reason the conviction will be REVERSED and the case REMANDED for further proceedings consistent with the views herein expressed.

BRETT, P. J., and BUSSEY, J., concur.