**Mitchell HARRIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. C–84–346.**

Court of Criminal Appeals of Oklahoma.

Jan. 28, 1986.

An Appeal from the District Court of Bryan County; Billy A. Mickle, Associate District Judge.

Mitchell Harris, appellant, was convicted of First Degree Burglary, AFCF, First Degree Burglary, AFCF, and Forcible Sodomy, AFCF, in the District Court of Bryan County, Case Nos. CRF–83–326, CRF–83–325, and CRF–83–324, was sentenced to forty (40) years' imprisonment in each case, and he appeals. AFFIRMED

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

## OPINION

No response necessary.

BRETT, Judge:

Appellant, Mitchell Harris, pled guilty in Bryan County District Court to First Degree Burglary, After Former Conviction of a Felony, Case No. CRF–83–326, First Degree Burglary, After Former Conviction of a Felony, Case No. CRF–83–325; and Forcible Sodomy, After Former Conviction of a Felony, Case No. CRF–83–324. He was sentenced to forty years' in each case with the sentences to run concurrently.

Appellant had previously petitioned the court to consolidate his cases for trial which was granted. He was represented by court-appointed counsel until February 22, 1984, a week before trial, when private counsel took over his defense. On the 29th these cases were called for trial and voir dire commenced. Before voir dire was complete appellant advised the court he wanted to change his pleas to guilty. The judge very carefully examined appellant pursuant to the dictates of *King v. State*, 553 P.2d 529 (Okl.Cr.1976). The court conducted three separate inquiries, one for each charge. The pleas were given with an agreement with the State for concurrent forty year sentences to be recommended. The recommendation was made and accepted by the court.

Appellant filed an application to withdraw his guilty pleas within the time allowed. He was given a hearing at which the only evidence he offered was his own testimony which was an impeachment of his own prior testimony. He gave two

reasons for his request to withdraw his pleas which are:

> Well, you told me when we was discussing the guilty plea and the plea bargain that the woman was definitely—said it was me. So I took it in my own mind to figure if they said so definite that it was me that it wouldn't be that—Well, I can't really explain what I'm talking about. And then I read in the paper that there was another guy—it was in here for the same thing—only raping a twelve year-old girl. And he got out for something he did do. And here I am pleading guilty to something I didn't do.

His explanation for his testimony to the court when his plea was taken was:

> Q. —When you told the Court that you were in fact guilty a week ago, you are saying now that that statement was untrue?
>
> A. Yes sir.
>
> Q. And every single statement the Court asked you when you responded yes, when the Court asked you as to whether or not you broke into a house, whether or not you used force to overcome this eighty year old lady's resistence, whether or not you committed the act of sodomy, and you responded yes to all of those questions, you were not telling the truth? Is that what you want the Court to believe today.
>
> A. Ignorance. I'll say it was ignorance.
>
> Q. Did you not understand the questions the Court asked you.
>
> A. Yes, I understood them.

Appellant had the burden of proving his guilty plea was not voluntarily, knowingly and intelligently entered. We find the court complied with the requirements of *King* and *Coyle v. State*, 706 P.2d 547 (Okl.Cr.1985).

Appellant also claims that he accepted the deal offered by the State because he was told each of the charges had a twenty year minimum sentence. All three of appellant's cases were filed showing two prior felony convictions. The two prior cases were in 1981. Appellant's appeal counsel is different from the two attorneys who represented him at the trial stage. Appellant's appeal counsel claims "the two prior convictions here clearly arose out of the same transaction or occurrence or series of events ..." He contends that 21 O.S.1981, § 51(B) is not applicable. This issue was not raised at the trial level and there is no evidence the two prior convictions were related incidents. The case numbers are not even close (CRF–81–125 and CRF–81–230) numerically. The fact that the convictions were entered on the same date and the sentences were ordered to run concurrently does not mean that the cases were related in the sense described in 21 O.S. 1981, § 51(B). This claim is groundless.

Appellant questions the sodomy statute under which he was charged as being unconstitutionally vague. 21 O.S.1981, § 886. We have long since disposed of this issue. *Glass v. State*, 701 P.2d 765 (Okl.Cr.1985).

Appellant's final objection is to the length of the sentences he agreed to accept. We find no justification for a reduction of the agreed upon sentence. *See Elmore v. State*, 624 P.2d 78 (Okl.Cr.1981).

We find no error. Judgments and Sentences are Affirmed.

PARKS, P.J., and BUSSEY, J., concur.