**Cathy Ann LEACH, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. C–88–527.**

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1988.

Johnie O'Neal, Public Defender, Tulsa, for appellant.

## OPINION

BUSSEY, Judge:

Appellant, Cathy Ann Leach, pled guilty in the District Court of Tulsa County to charges of Attempting to Obtain Merchandise by False Pretense, Count I, Possession of a Stolen Credit Card, Count II, and Knowingly Concealing Stolen Property, Count III, in Case No. CRF–86–4014; Failure to Return Rental Property in Case No. CRF–86–4205; Failure to Return Rental Property in Case No. CRF–86–4238; Uttering a Forged Instrument in Case No. CRF–86–4278; Attempting to Obtain Merchandise by False Pretense CRF–86–4280; and Obtaining Property by False Pretense in Case No. CRF–86–4324. She was sentenced to imprisonment for three (3) years on Count II of Case No. 86–4014, and imprisonment for five (5) years on all other charges. The sentences in all counts of Case No. CRF–86–4014 were to run concurrently with each other, but the sentences in each case number were to run consecutively. Appellant filed a timely application to withdraw her pleas. The application to withdraw was denied and she seeks relief by petition for writ of certiorari.

The record shows that appellant entered her pleas after negotiating an agreement with the prosecutor. The terms of the agreement would have imposed the maximum sentence for each charge, but all sentences would have run concurrently.

After entering her pleas and before sentencing, appellant was arrested for attempting to sell marijuana to a jailer in another county. At the sentencing hearing, the prosecutor argued that by her ac-tions, appellant had rejected the plea agreement. The court found that appellant had "waived [her] rights as per plea bargain negotiations," and imposed the sentences described above.

In *King v. State*, 553 P.2d 529 (Okla. Crim.App.1976), this Court adopted procedures for accepting a guilty plea. In part, they provide, "[I]f after receipt of the presentence report and other relevant evidence the trial court can no longer concur in the plea agreement the trial court must then afford the defendant the opportunity to reaffirm or withdraw [her] plea; ...." *Id.* at 536–37. The trial court failed to observe this mandatory procedure.

Accordingly, the order of the District Court denying appellant's application to withdraw her guilty pleas is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

BRETT, P.J., and PARKS, J., concur.