Kim Dale CARTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. O–87–986.

Court of Criminal Appeals of Oklahoma.

April 28, 1989.

Johnie O'Neal, Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Kim Dale Carter, pled guilty to the felony of Attempted Larceny of an Automobile, Tulsa County District Court, Case No. CRF–86–3498, and as agreed, he was sentenced to five years, all of which were suspended. Subsequently, on May 14, 1987, his suspension was revoked; he appeals.

The State alleged in the application to revoke that charges had been filed against appellant in Tulsa County District Court, Case No. CRF–87–962, which alleged that he had broken into and entered a car, which constituted a felony and therefore a breach of the probation rules. Appellant, through the assistance of his privately retained attorney, agreed to another plea agreement with the State, the terms of which are in dispute in this appeal. Appellant claimed he agreed to confess to the probation violation if the after former conviction of a felony claim was dropped from the new charge; he would be required to serve all five years on the instant charge, but the charges in both cases would run concurrently. The State claims the deal was as appellant outlined but the charges were to run consecutively, and the State would not

prosecute on a perjury charge they were contemplating in an unrelated matter.

The revocation process was bifurcated; on May 14, 1987, appellant, while represented by private counsel, waived his revocation hearing and confessed the allegation in the application. Sentencing was to be held on September 29, 1987. In the interim, appellant's private counsel withdrew from his case. His attorney had been charged with and ultimately pled guilty to possession of cocaine. He has now resigned from the practice of law. The deal the State has outlined as the one agreed to was the agreement that was presented to the Court at the hearing in May and is the sentence that was imposed in September. Appellant heard the agreement explained in court in May but did not object that it was different from the one his attorney told him he would get.

In appellant's only claim of error, he is claiming ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He alleges his attorney was on drugs and therefore incompetent and that the trial court should have followed the *King* case before his plea of guilty to the revocation was accepted. *King v. State*, 553 P.2d 529 (Okl.Cr.1976). He claims that when he explained at the September hearing what his attorney had told him he would get, concurrent sentences, the trial court abused its discretion in refusing to allow him to withdraw his plea.

■ We decline to apply or even recommend the guidelines in *King* for revocation hearings. Suspended or deferred sentences are very privileged sentences already, and the procedure in place allows ample protection. *See* 22 O.S.1981, § 991b.

■ Appellant has the burden of proving his attorney was ineffective in that his performance was deficient and it resulted in prejudice which materially affected the outcome of the hearing. *See Blake v. State*, 765 P.2d 1224 (Okl.Cr.1988). We have only appellant's unsupported claim that his attorney told him he had an agreement for concurrent sentences. The record of the hearing in May proves that appellant stood silent when his attorney told the Court the agreement was for consecutive sentences.

Finding no error, the revocation of appellant's suspended sentence is AFFIRMED.

BUSSEY, LANE and LUMPKIN, JJ., concur.

PARKS, V.P.J., concurs in result.

PARKS, Vice Presiding Judge, concurring in result.

I agree that the revocation of appellant's suspended sentence should be affirmed, but feel compelled to comment on the majority's position that the standards of *King v. State*, 553 P.2d 529 (Okla.Crim.App.1979) are not applicable in a revocation proceeding. The legislature specifically enunciated several rights afforded to a defendant whose suspended sentence is being revoked. As stated in 22 O.S.1981, § 991b, a defendant "shall have the right to be represented by counsel, to present evidence in his own behalf and to be confronted by the witnesses against him." Furthermore, in *In re Collyar*, 476 P.2d 354, 358 (Okla. Crim.App.1970), this Court set forth the basic constitutional requirements which must be met during a revocation hearing. In *Collyar*, we held that the constitutional minimum requires that the State make clear its reasons for seeking revocation, that a hearing must be held wherein the defendant is entitled to the rights quoted above, and that if his sentence is revoked, such revocation is subject to review on appeal. Thus, while the specific mandates of *King* may not be required in a revocation proceeding, a defendant must be adequately advised so as to allow him to make intelligent decisions regarding his defense. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In the present case, appellant was informed of his rights, but waived those rights and entered a plea of guilty to the allegations made by the State. Accordingly, I concur in the affirmation of appellant's revocation.