John Walter CASTRO, Sr., Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–93–668.

Court of Criminal Appeals of Oklahoma.

March 8, 1994.

### ORDER DENYING POST CONVICTION RELIEF

Petitioner John Walter Castro, Sr. was sentenced to death for Murder in the First Degree in Kay County District Court, Case No. CRF–83–130. On direct appeal this Court affirmed judgment and sentence. *Castro v. State,* 745 P.2d 394 (Okl.Cr.1987), *reh'g denied,* 749 P.2d 1146, *cert. denied, Castro v. Oklahoma,* 485 U.S. 971, 108 S.Ct. 1248, 99 L.Ed.2d 446 (1988). Denial of Petitioner's first Application for Post–Conviction Relief was affirmed. *Castro v. State,* 814 P.2d 158 (Okl.Cr.1991), *cert. denied, Castro v. Oklahoma,* —— U.S. ——, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992). Petitioner is now before this Court on appeal from denial of his second application for post-conviction relief. With this appeal petitioner has exhausted his state remedies.

Appellant argues in this second application for post-conviction relief that his substantive due process rights were violated when he was tried without a judicial determination of competency following his competency examination at Eastern State Hospital. Petitioner concedes this issue was not raised on direct appeal or in the first application for post-conviction relief. Citing among other cases, *Adams v. Wainwright,* 764 F.2d 1356 (11th Cir.1985) and *Zapata v. Estelle,* 588 F.2d

1017 (5th Cir.1979) petitioner eloquently argues substantive due process guaranteed by the state and federal constitutions is insulated from procedural waiver. The state counters with *Robison v. Maynard,* 958 F.2d 1013 (10th Cir.1992) which holds that an issue which is not raised in a first habeas petition in the federal court is waived. While this supports the state's position the argument may be waived, it does not persuade us that we should allow this question grounded in state law to be considered in the first instance by the federal court in the habeas forum.

Oklahoma law is well settled in this area. The legislature intended a post-examination competency hearing be held in every case in which a competency examination is conducted, whether or not the defendant so requests. *See* 22 O.S.1981, § 1175.4; *Scott v. State,* 730 P.2d 7 (Okl.Cr.1986); *Thomas v. State,* 777 P.2d 399 (Okl.Cr.1989); *Kelly v. State,* 735 P.2d 566 (Okl.Cr.1987); *Watkins v. State,* 829 P.2d 42 (Okl.Cr.1991). Equally well settled state law provides the post-examination competency hearing may be affirmatively waived by the defendant. *Kiser v. State,* 782 P.2d 405 (Okl.Cr.1989); *Doyle v. State,* 785 P.2d 317 (Okl.Cr.1989).

The procedural context in which this issue is raised is as follows. On July 6, 1983, defense counsel filed a motion for a competency examination. This motion was heard July 12, 1983 and granted. On January 3, 1984, some six months later, and after his competency examination, the appellant came before the court to enter a plea of guilty. A thorough plea proceeding was held in which the trial court determined Mr. Castro was competent to enter the plea. Following thorough questioning by the trial judge, defense counsel also thoroughly examined the appellant and created a more detailed record of his competence to enter a knowing and voluntary plea. Three months later, on March 4, 1984, Appellant filed a motion to withdraw guilty plea and enter a plea of not guilty on the basis of insanity at the time of the murder. The motion was granted. Appellant proceeded to trial April 9, 1984, but did not raise an insanity defense. *Castro v. State,* 745 P.2d 394 (Okl.Cr.1987).

■ Once a question of a criminal defendant's competency to stand trial is raised, criminal proceedings against that person are suspended pending the determination of competency. 22 O.S.1981, § 1175.2(C). However, the defendant himself may subsequently affirmatively waive the post-examination competency hearing and move the criminal proceedings forward. In *Kiser v. State,* 782 P.2d 405 (Okl.Cr.1989) the defendant filed an Application for Determination of Competency which he subsequently withdrew and asked the matter be set for preliminary hearing. The Court found he had thus affirmatively requested the statutorily stayed criminal proceedings resume and waived the post-examination competency hearing. In the present case criminal proceedings were likewise stayed pursuant to 22 O.S.1981, § 1175.2(C) when defendant's motion for competency examination was granted. As in *Kiser* the defendant asked criminal proceedings be resumed when he moved the court to accept a guilty plea. By asking the Court to resume proceedings and accept the plea, the defendant affirmatively waived his post-examination competency hearing.

Although waiver alone would be sufficient to determine this question, a second, equally compelling fact is present in this case which brings the issue into sharp focus. Petitioner's competency to knowingly and intelligently *waive* trial and enter a guilty plea was thoroughly developed by the trial judge and defense counsel as required by *King v. State,* 553 P.2d 529 (Okl.Cr.1976). The *King* hearing is designed to affirmatively show the plea is knowing and voluntary, for competency to waive one's constitutional right to trial and its concomitant constitutional safeguards cannot be presumed from a silent record. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

■ For our present discussion the only significant difference between the plea hearing required by *King* to prove competency to waive trial, and the post-examination competency hearing required by § 1175.4 to prove competency to proceed to trial lies in the burden of proof. The State via the trial court must prove a defendant is competent to waive his constitutional right to trial and its

related constitutional safeguards. *King v. State*, 553 P.2d at 533. If the court finds "substantial question" as to the competency of the defendant to waive trial and enter a plea, the plea cannot be taken. *Id.* On the other hand, it is the defendant who bears the burden to prove by clear and convincing evidence he is not competent to stand trial. *Miller v. State*, 751 P.2d 733 (Okl.Cr.1988), 22 O.S.1981, § 1175.4.

Petitioner's argument that he did not have a rational as well as factual understanding of the charges against him is defeated by the facts developed in the plea hearing. It is plain the petitioner's present competency to stand trial was judicially determined, albeit in the plea context.

Petitioner's arguments of ineffective assistance of counsel based on their failure to assert the competency issue are moot. Likewise, petitioner's argument that accumulated error warrants new trial or modification of sentence fails for we find no error, and hence no accumulation of error.

■ The questions raised in Petitioner's application for post-conviction relief did not require the taking of evidence by the trial court. We therefore find the trial court properly denied petitioner's request for an evidentiary hearing. *Johnson v. State*, 823 P.2d 370 (Okl.Cr.1991); *Banks v. State*, 810 P.2d 1286 (Okl.Cr.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992).

Denial of post-conviction relief is hereby **AFFIRMED.**

### IT IS SO ORDERED.

/s/ Gary L. Lumpkin
Gary L. Lumpkin,
Presiding Judge

/s/ Charles Johnson
Charles Johnson,
Vice Presiding Judge

/s/ James F. Lane
James F. Lane,
Judge

/s/ Charles S. Chapel
Charles S. Chapel,
Judge

/s/ Reta M. Strubhar
Reta M. Strubhar,
Judge