38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Phillip Martin SMITH, Petitioner,
v.
L.L. YOUNG, Warden; Attorney General of the State of
Oklahoma, Respondents.
 No. 94-7030.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant Phillip Martin Smith ("Smith") brings this pro se appeal of the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Smith previously filed two separate petitions for post-conviction relief in the Oklahoma state courts. Each of these was denied by the initial state habeas court on procedural grounds and affirmed by the state appellate court. Smith then filed the petition before us in federal district court claiming (1) ineffective assistance of counsel at post-conviction proceedings, and (2) a denial of his Fourteenth Amendment right to due process based on an alleged failure of the trial court to determine whether there was an adequate factual basis for his guilty plea.
 
 
 3
 The magistrate for the United States District Court for the Eastern District of Oklahoma provided Findings and Recommendations that Smith had no constitutional right to counsel in post-conviction proceedings and that the remainder of Smith's claims were barred on independent and adequate state procedural grounds. The district court adopted the findings and recommendations of the magistrate and denied Smith's petition.
 
 
 4
 On appeal, Smith raises two issues. First, Smith argues his ineffective assistance of counsel claim as asserted in his petition before the district court. We agree with the magistrate and the district court that Smith had no constitutional right to post-conviction counsel[2] and that all other claims raised in his petition were barred on independent and adequate state procedural grounds.
 
 
 5
 Smith attempts to argue, as a second issue on appeal, that the trial court failed adequately to determine his competence. However, in our review of the record, we find that the issue of Smith's competence is not before us. While Smith's second state petition for post-conviction relief did allege the trial court's failure to determine competence, his federal habeas petition did not raise the issue, either as a ground for habeas relief or as an underlying fact in support of the grounds asserted.
 
 
 6
 Instead, his federal habeas petition listed only his ineffective assistance of counsel claim and a claim that there was not an adequate factual basis for his guilty plea. Oklahoma's requirements that a trial court find the defendant competent and find an adequate factual basis before accepting a guilty plea are separate and distinct requirements, see King v. State, 553 P.2d 529, 534-35 (Okla.Crim.App.1976), and they each must be raised independently on appeal. Smith obviously understood this as evidenced by his second state petition for post-conviction relief.[3] He cannot now argue the issue of competency on appeal when it was not part of his petition to the district court.[4]
 
 
 7
 As to the issues properly raised in Smith's federal habeas petition, after reviewing the record and the briefs, we AFFIRM for the reasons set out in the magistrate's recommendation and the district court's order. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We find no support for Smith's conclusory allegations that the state of Oklahoma is in some way responsible for affirmative acts which deprived him of adequate post-conviction counsel
 
 
 [3]
 In his second state claim for post-conviction relief, Smith listed grounds of (1) ineffective assistance of counsel, (2) inadequate factual basis for the court's acceptance of a guilty plea, and (3) failure of the court to determine competence
 
 
 [4]
 Even if the issue were properly before us, we would deny Smith's request for relief. Smith is correct in asserting that his claim relating to a competency determination is not procedurally barred, because the state has not consistently barred such claims based on a failure to raise them on direct appeal or in a previous petition for post-conviction relief. See Castro v. State, 871 P.2d 433, 434-35 (Okla.Crim.App.1994). However, on the merits, the record of Smith's plea and sentencing hearing clearly shows that the trial judge properly determined both Smith's competency and the factual basis of his plea before accepting the guilty plea