**Ronald Lee SHEPHERD, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. C–95–572.

Court of Criminal Appeals of Oklahoma.

June 27, 1996.

An Appeal from the District Court of Tulsa County; B.R. Beasley, Associate District Judge.

Thomas Matthews, Tulsa (Sandra Mulhair Cinnamon, Norman, on appeal), for petitioner.

David Moss, District Attorney, Todd W. Singer, John E. Priddy, Jay Holtzhouser, Chief, Criminal Appeals, Assistant District Attorneys, Tulsa (W.A. Drew Edmondson, Attorney General of Oklahoma, Sandra D. Howard, Assistant Attorney General Chief, Criminal Appeals, on appeal), for State.

*OPINION GRANTING CERTIORARI.*

PER CURIAM.

Petitioner Ronald Lee Shepherd was charged in the District Court of Tulsa County with Indecent Exposure, Case No. CF–94–4112. On March 6, 1995, Petitioner entered a plea of nolo contendre before the Honorable B.R. Beasley, Associate District Judge. On May 8, 1995, Petitioner was sentenced to four (4) years imprisonment and fined five hundred dollars ($500.00). On May 18, 1995, Petitioner filed an application to withdraw the plea. After a hearing on May 25, 1995, the application was denied. It is that denial which is the subject of this appeal.

Petitioner raises the following propositions of error in support of his appeal:

I.  The trial court abused its discretion in denying Petitioner's application to withdraw his nolo contendre plea, notwithstanding the fact that the requirements of *King v. State* had not been adhered to by the trial court.

II.  Petitioner was denied the effective assistance of counsel.

III.  Petitioner was denied a fair trial when the trial court denied his request for transcripts of the plea hearing at state expense notwithstanding the fact that Petitioner was indigent.

IV.  Petitioner's sentence was excessive in light of the fact that the trial court relied on a biased pre-sentence investigation report.

After calling for and receiving a response from the State, we have thoroughly considered the propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties. We find the writ of certiorari must be granted and the matter remanded for further proceedings not inconsistent with this opinion.

The Uniform Plea of Guilty/Summary of Facts form set out in Section XIII (Form 13.10), Rules of the Court of Criminal Appeals, must be utilized for all pleas entered in the District Courts of the State of Oklahoma,

except for pleas entered to motor vehicle traffic violations, fish and game violations and misdemeanors which cannot serve as a predicate crime for a felony. 22 O.S. Supp. 1996, Ch. 18, App. *Rules of the Court of Criminal Appeals*, Rule 4.1. As reflected in Question 28(b) of the form, it is to be completed by the defendant, the defendant's attorney or the judge accepting the plea; acknowledged by the parties and the court; and filed in the case. *See* Form 13.10. This procedure was not followed in this case. Only a blank copy of the Plea of Guilty/Summary of Facts form was filed.

The record in this case indicates Petitioner did not have the form filled out when he entered his plea. The trial court acknowledged that fact but accepted the plea and sought to advise Petitioner of his rights in accordance with *King v. State*, 553 P.2d 529, 534 (Okl.Cr.1976). A challenge to the absence of the completed form was not raised until Petitioner applied to withdraw his plea. Petitioner admitted he had not filled out the form but argued he had asked for a continuance in order to complete the form. The trial court disagreed, asserting the form had been offered, but Petitioner refused to fill it out.

The record does not adequately reflect the reason behind the blank form. The trial judge could have completed the form himself as inquiry was made of the defendant. At the conclusion of the inquiry, the trial judge should have obtained acknowledgments from the parties participating as to the correctness of the answers and then the form could have been filed. We find it is the responsibility of the trial judge to ensure that a completed Plea of Guilty/Summary of Facts form is filed in each case *in order to provide a complete record of the plea for review.* The absence of a completed form will result in this Court remanding the case to the District Court for the express purpose of giving the defendant the opportunity to withdraw his or her plea.

The result here is regrettable. The record shows Petitioner entered his plea of guilty then chose to withdraw the plea upon learning his sentence was not to be as lenient as expected. The filing of a completed Plea of Guilty/Summary of Facts form would have provided this Court the ability to determine the validity of the plea. We are unable to make that determination with the record before us.

The rules regarding the acceptance, application to withdraw, and appeal of the denial to withdraw guilty pleas and nolo contendre pleas were promulgated to ensure (1) that knowing and voluntary pleas are entered and (2) that a record is made to allow complete review of the plea by this Court. When the rules are not followed, this Court cannot be sure that a defendant has entered a plea of guilty knowingly and voluntarily, that a defendant fully understands his/her rights and the effect of the plea, and that the plea is supported by a factual basis.

Accordingly, the writ of certiorari is **GRANTED**, and this matter is **REVERSED** and **REMANDED** for further proceedings not inconsistent with this opinion.

JOHNSON, P.J., CHAPEL, V.P.J., and LUMPKIN, LANE and STRUBHAR, JJ., concur.