**STATE of Missouri, Respondent,**

v.

**Jerry I. McKEE, Appellant.**

No. 23418.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 2001.

Larry Maples, Dist. Defender, Carthage, for Appellant.

Nickolas A. Marshall, Asst. Pros. Atty., Joplin, for Respondent.

BARNEY, Chief Judge.

Jerry I. McKee ("Appellant") appeals from the Judgment of the Circuit Court of Jasper County which denied his "Motion to Set Aside Finding of Not Guilty by Reason of Mental Disease or Defect." In order to clearly understand Appellant's two points of error, discussed below, we first review the facts.

Appellant was originally charged with the Class D Felony of unlawful use of a weapon, § 571.030, RSMo Cum.Supp.1981, for exhibiting a knife in an angry or threatening manner in the presence of a police officer on June 6, 1982. As best we can discern from the record, Appellant underwent two mental exams, presumably pursuant to section 552.030.[1] Under subsection 4 of that section, a mental exam was required of a defendant who had filed a written notice that he or she intended to rely on the defense of not guilty by reason of mental disease or defect excluding responsibility. The subsection also provided that "[i]f an examination is ordered pursuant to this section, the report shall contain the information required in subsections 3 and 4 of section 552.020." § 552.030.4.

Subsection 3 of section 552.020, required that the report of the examination shall include, *inter alia:* "(1) An opinion as to whether the accused, as a result of a mental disease or defect, lacks capacity to understand the proceedings against him or to assist in his own defense...." § 552.020.3.[2]

---

1. Unless otherwise set out, all statutory references are to RSMo Cum.Supp.1982.

2. Subsection 4 provided that:

4. If the accused has pleaded lack of responsibility due to mental disease or defect ... the court may order the report of the examination conducted pursuant to

On December 21, 1982, a hearing was held in the Circuit Court of Jasper County ("committing court"). The committing court announced that at arraignment Appellant had pleaded not guilty, but later had filed a motion of intent to rely on mental disease or defect which, as noted previously, was the reason behind the mental examinations. The committing court declared that Appellant had been:

examined by Ozark Mental Health Center, also at the Nevada State Hospital. . . . Both facilities, in their report, state that they find the defendant is not able to assist in his own defense, due to mental disease or defect, and further find that at the time of the alleged offense, he was suffering from mental disease or defect.

At that point in the proceedings Appellant's counsel formally changed Appellant's plea from "not guilty" to "not guilty by reason of mental disease or defect," and filed a written notice, as required by statute, that Appellant had no other defense to the criminal charge brought against him.[3]

The transcript of the commitment hearing shows that Appellant's counsel declared to the committing court that Appellant "admits certain portions of the acts, but denies that he did, in fact, threaten-I believe that's your position?" Appellant responded with a "Yes." However, Appellant also declared to the committing court that "I didn't threaten the police officer with the knife." In response to his counsel's question, "Although you admit you had the knife in your hand and maybe walked a step or two toward him[,]" Appellant stated, "No, I didn't walk a step or two toward him." His counsel then responded to Appellant's assertions by stating that it was counsel's opinion that a crime was "probably committed, but for the absence of the intent, due to [Appellant's] alleged mental condition. . . ." Appellant's counsel acknowledged, however, that Appellant disagreed with that opinion.

Appellant's counsel also recited that "we have got the finding that he cannot—his condition is such that he cannot assist in the preparation of the defense." Appellant's counsel then announced to the committing court: "I'm willing to go ahead. I may be putting my neck on the block to do so, but I'm willing to go ahead and file the notice [i.e., the written notice that, pursuant to section 552.030.2, defendant had no other defenses to the criminal charges against him]." Appellant's counsel also stated to the committing court that, "It's been a horribly confusing and frustrating situation, representing this client, not anything, you know, not that it's due to his fault, it's just due to the circumstances, and I really feel it's in his best interest for me to do that." Accordingly, Appellant's counsel filed and signed his name to a hand-written notice which recited in relevant part that "in accordance with RSMo 552.030 . . . the defendant has no other defense to the charge in this case."

It is clear from our examination of the record that Appellant's counsel, the prosecutor and the committing court were all

[§ 552.020] to include, in addition to the information required in subsection 3 of this section, the following:
(1) Detailed findings;
(2) An opinion as to whether the accused has a mental disease or defect, and the duration thereof; and
(3) An opinion as to whether at the time of the alleged criminal conduct the accused as a result of mental disease or defect did not know or appreciate the nature, quality, or wrongfulness of his conduct or as a result of mental disease or defect was incapable of conforming his conduct to the requirements of law.

§ 552.020.4.

3. Section 552.030.2 provided, in pertinent part, that the "state may accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, if the defendant has no other defense and files a written notice to that effect. Upon the state's acceptance of the defense of mental disease or defect excluding responsibility, the court shall proceed to order the commitment of the defendant as provided in section 552.040. . . ."

aware that there might be a conflict in finding that Appellant was unfit to assist in his own defense while permitting Appellant to file a plea of not guilty on the basis of a mental disease or defect excluding responsibility.[4] Nevertheless, the record reveals that despite the findings by the medical facilities that Appellant was unable to assist in his own defense, together with Appellant's express declarations suggesting that he, in fact, had a "defense" to the criminal charges pending against him, Appellant's plea of not guilty by reason of mental disease or defect excluding responsibility was accepted by the State and the committing court. The committing court then entered a written judgment committing Appellant to the Division of Mental Health pursuant to section 552.040.[5]

On December 14, 1999, Appellant filed his "Motion to Set Aside Finding of Not Guilty by Reason of Mental Disease or Defect." In his motion, Appellant attacked the judgment of commitment in two ways. First, citing section 552.020, Appellant claimed that since the committing court on December 21, 1982, found Appellant "incompetent to proceed," that this finding should have precluded further proceedings against Appellant, "including acceptance of a plea, until [Appellant had] been adjudicated competent to proceed." Secondly, citing section 552.030, Appellant contended that before the committing court could have accepted his plea of "not guilty by reason of mental disease or defect" that his plea had to have been accompanied by a written notice by the "accused" that he had no "other defense." Appellant argued that the record of the December 21, 1982, proceedings never established that Appellant, himself, had agreed that he had no other defense. Accordingly, Appellant maintained that he had been denied his rights to due process under the 5th and 14th Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution. The motion court denied his motion and this appeal followed.

■ In his appeal, Appellant's points, albeit inartfully drawn, mirror the allega-

**4.** *The Court:* If the defendant's position is that he is not guilty, period, then, even though he has a mental disease or defect, he is entitled to go to trial, and if he is found not guilty, I don't have the authority to confine him to a mental hospital, if he hasn't committed a crime. That would have to go to Probate Court. But, if he's committed a crime and did so while suffering from the mental disease or defect, then I have the authority to commit him to a mental hospital, so I think the point is that if he believes that he didn't commit the crime, he hasn't committed any crime, then even though he's not guilty by reason of mental disease or defect, he is still entitled to go to trial and the jury find him not guilty. They have three possible verdicts. Now, here we have a further complication that the doctors say he is not fit to assist in his own defense and what has to happen in that case is we have to commit him to a hospital for treatment until he is able to assist in his own defense.

 *Appellant's Counsel:* That's the catch twenty-two.
 *The Court:* In other words, you can't go to trial when he is not able to assist his attorney understand the proceedings against him.

 *Appellant's Counsel:* Seems to me if that has been what the medical people have concluded, then that I might not be able to file this notice conclusively as to whether or not he thinks he does have a defense.
 *The Court:* I guess that's for the attorney to make a determination if you feel you can't from him learn enough facts about the case for you to make a decision whether or not he is guilty of the thing, if you believe that there is a—the evidence against him isn't sufficient to prove his guilt.

**5.** In relevant part, § 552.040.1 provides that:

 When a defendant is acquitted on the ground of mental disease or defect excluding responsibility, the court shall order such person to be committed to the director of the department of mental health for custody, care and treatment in a state mental hospital.

 In our review of the judgment committing Appellant to the department of mental health we find nowhere in the judgment that the committing court "acquitted" Appellant. However, it is apparent from the committing court's recital in the judgment that the committing court was proceeding under section 552.040.1, as if Appellant had been expressly acquitted of the underlying criminal charge.

tions found in his motion. Boiled down to the essentials, Appellant first challenges the committing court's judgment of acquittal and commitment in this matter, because the committing court lacked jurisdiction to proceed with its commitment hearing, pursuant to sections 552.030 and 552.040, having previously been informed that Appellant was unable to assist in his own defense. Secondly, Appellant also challenges the committing court's judgment of acquittal and commitment, not only because he was "unable to assist in his own defense," but also because the committing court had made no explicit finding that Appellant had no other defense to the criminal charges; and because Appellant never agreed that he had "no other defense," and the record showed that no facts established that he had no other defense to the criminal charges.

 Clearly Appellant is attempting to attack the original judgment which purported to acquit Appellant of his criminal charges on the basis of a mental disease or defect excluding responsibility, together with his commitment to the department of mental health, on a jurisdictional basis because the committing court had no authority to commit him. *See State v. Zingre*, 980 S.W.2d 355, 358 (Mo.App.1998). " 'A court has "jurisdiction" if it has judicial authority over the subject matter acted upon, judicial authority to act as to the persons before it, and judicial authority to render the order entered.' " *Id.* (quoting *State ex rel. Div. of Family Servs. v. Bullock*, 904 S.W.2d 510, 512 (Mo.App.1995)). We observe that "[u]nder Missouri statutory law, a person is not competent to proceed if he, as a result of mental disease or defect, lacks capacity to understand the proceedings against him or to assist in his own defense." *Bryant v. State*, 563 S.W.2d 37, 41 (Mo. banc 1978); *see* § 552.020; *Porter v. State*, 928 S.W.2d 1, 2 (Mo.App.1996).

"Subsection 7 of Section 552.020 ... commands that all proceedings against an accused 'shall be suspended' if the court 'determines that the accused lacks mental fitness to proceed.' " *Briggs v. State*, 509 S.W.2d 154, 156 (Mo.App.1974).

We also note that the appellant in *Zingre, supra*, had been committed to the Department of Mental Health, after having been found not guilty of unlawful use of a weapon by reason of mental disease or defect excluding responsibility. *Zingre*, 980 S.W.2d at 358. Subsequently, he filed for an unconditional release, pursuant to section 552.040, RSMo Cum.Supp.1996, which was denied. *Id.* Two days before the prior hearing, however, Zingre also moved the court to vacate its previous acceptance of his "plea of not guilty by reason of mental disease or defect." *Id.* This motion was denied. On appeal, this Court characterized Zingre's motion as an attack on the original judgment of acquittal and commitment in the case but observed that "[a]nnulling or voiding the underlying judgment of acquittal or order of commitment is not authorized in Chapter 552." *Id.* The opinion of the court recited that any "attempt to avoid or annul [the] judgment must be brought in a separate case instituted exclusively for that purpose." *Id.*

 Although *Zingre* correctly concluded that the appellant there could not attack the original judgment of acquittal and commitment order in the fashion attempted, language in the opinion could be read as suggesting habeas corpus is not an available remedy under Chapter 552. *Zingre* should not be read or cited for that proposition.[6]

 Section 552.040.3, RSMo Cum. Supp.1996, and section 552.040.3, RSMo Cum.Supp.1982, both set out, in relevant part, that the "provisions of [section 632.435, RSMo], ... apply to persons com-

6. As explained below, habeas corpus is available as a remedy for a person confined pursuant to Chapter 552 procedures if an application therefor is properly pleaded, filed in a

court having jurisdiction, and facts are proven showing entitlement to relief. Those prerequisites were not met in *Zingre*.

mitted [under § 552.040]. . . ." Section 632.435, enacted in 1980, sets out that "[a]ny person detained under this chapter shall be entitled to apply for a writ of habeas corpus."[7] Habeas corpus proceedings under Rule 91, Missouri Court Rules (2000), "are limited to determining the facial validity of confinement." *State ex rel. Nixon,* 22 S.W.3d at 789. "Under the statutes that have codified the common law writ, the 'facial validity' of confinement is determined on the basis of the *entire record* of the proceeding in question." *Id.* (emphasis added). "Habeas corpus is also available in cases where circumstances are so rare and exceptional that a manifest injustice would result in the absence of habeas corpus relief." *Id.; see also Brown v. Gammon,* 947 S.W.2d 437, 440 (Mo.App. 1997); *see generally State ex rel. Simmons v. White,* 866 S.W.2d 443, 445–46 (Mo. banc 1993).

Accordingly, after reviewing the record in this matter, we are convinced that Appellant has facially postulated facts and supporting law, sufficient to entitle him to attack through habeas corpus the committing court's December 21, 1982, judgment committing him to the Department of Mental Health for treatment. *See* §§ 552.040.3 and 632.435; *State ex rel. Nixon,* 22 S.W.3d at 789.

■ However, unless otherwise provided by statute,[8] "[h]abeas corpus proceedings must be brought in a court having jurisdiction over the place of confinement or detention, and against the person confining the [Appellant]." *Reynolds v. State,* 939 S.W.2d 451, 455 (Mo. App.1996) (citing Rule 91.02(a)). This requirement is not fulfilled here because Appellant commenced his cause of action in Jasper County, and as best we discern, he is not presently detained in that county. Accordingly, we do not reach

the merits of Appellant's cause of action and are compelled to dismiss the appeal without prejudice to Appellant pursuing any other remedy as permitted by law.

PREWITT, J., concurs.

GARRISON, J., concurs.

---

**7.** We also observe that "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." *State ex rel. Nixon v. Dierker,* 22 S.W.3d 787, 789, (Mo.

App.2000) (quoting Rule 91.01); *see also* § 532.010, RSMo 1994.

**8.** *See,* for example, § 552.020.9.