

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE ex rel. MICHAEL KELLY, | ) ) ) | *Opinion issued January 14, 2020* |
| Petitioner, | ) ) | |
| v. | ) ) | No. SC97744 |
| JULIE INMAN, | ) ) ) | |
| Respondent. | ) | |

### ORIGINAL PROCEEDING IN HABEAS CORPUS

Michael Kelly seeks a writ of habeas corpus on the ground his due process rights were violated as a result of the circuit court exceeding its authority pursuant to section 552.020. [1]  The circuit court accepted his not guilty by mental disease or defect ("NGRI") plea after finding he lacked competence to continue with the criminal proceedings.  Kelly argues that, pursuant to section 552.020.8, upon finding him incompetent, the circuit court was required to suspend the proceedings and commit him to the department of mental health.

---

[1] All statutory references are to RSMo 1986, the law that governed at the time of Kelly's criminal proceeding, unless otherwise specified.

By accepting Kelly's NGRI plea despite finding him incompetent to proceed, the circuit court exceeded its authority pursuant to section 552.020.8 and violated Kelly's due process rights. Accordingly, Kelly's NGRI plea is vacated, and the criminal proceedings against him remain pending, although suspended by virtue of the circuit court's additional finding that Kelly was incompetent to proceed. Because of the improper commitment after acceptance of Kelly's NGRI plea, the department of mental health did not conduct an examination of Kelly six months after his commitment to ascertain whether he was fit to proceed, as required by section 552.020.10(1). Within 90 days from the date the mandate issues in this case, the circuit court should order such an examination to be conducted pursuant to section 552.020.11(1), RSMo Supp. 2018. After the completion of the examination, the procedure in section 552.020.11, RSMo Supp. 2018, should govern.

## Background

The State charged Kelly with first-degree robbery and armed criminal action. The defense moved for a mental evaluation of Kelly to determine his competency to proceed to trial and whether he had a mental disease or defect excluding responsibility. The circuit court sustained the motion. A medical evaluation found Kelly suffered from chronic undifferentiated schizophrenia and polysubstance abuse or dependence. The evaluation opined Kelly lacked the capacity to understand the proceedings or assist in his own defense, and it recommended Kelly be held in a hospital facility for treatment pending determination of his competency to proceed. It further concluded that, at the

2

time of the alleged criminal conduct, Kelly did not fully appreciate the nature, quality, or wrongfulness of his conduct and was incapable of conforming his conduct to the law.

Kelly filed a notice of intent to rely solely on a defense of mental disease or defect. The State accepted the defense. The circuit court entered an order titled "Order Committing Defendant to Department of Mental Health (State Acceptance of Mental Defense)." The order found Kelly lacked capacity to understand the proceedings against him or assist in his own defense and, accordingly, lacked mental fitness to proceed with the charges against him. In the same order, the circuit court found Kelly not guilty by reason of mental disease or defect excluding responsibility, determining that, at the time of the alleged crime, Kelly did not appreciate the nature, quality, or wrongfulness of his conduct and was incapable of conforming his conduct to the requirements of the law. The circuit court then committed Kelly to the department of mental health, where he has remained since 1991.

Kelly filed petitions for writs of habeas corpus in the St. Francois County Circuit Court and then the court of appeals, both of which were denied. Kelly now seeks a writ of habeas corpus from this Court.

## Jurisdiction and Standard of Review

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4.1. "Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." Rule 91.01(b); *see also* section 532.010, RSMo 2016. A court can issue a writ of habeas corpus when an individual is "restrained of his or her liberty in violation of the constitution or laws of the state or

3

federal government." *State ex rel. Woodworth v. Denney*, 396 S.W.3d 330, 337 (Mo. banc 2013). The petitioner bears the burden to demonstrate he or she is entitled to habeas relief. *State ex rel. Clemons v. Larkins*, 475 S.W.3d 60, 76 (Mo. banc 2015). "[H]abeas corpus is available as a remedy for a person confined pursuant to Chapter 552 procedures if an application therefor is properly pleaded, filed in a court having jurisdiction, and facts are proven showing entitlement to relief." *State v. McKee*, 39 S.W.3d 565, 569 n.6 (Mo. App. 2001).

## Analysis

Kelly argues he is entitled to habeas relief on the ground the circuit court exceeded its authority pursuant to section 552.020 when it accepted his NGRI plea and committed him to the department of mental health after finding he lacked competence to proceed.

### I. Is Kelly's Claim Procedurally Barred?

The State asserts Kelly's claim is procedurally barred because he did not raise it in the circuit court at the time he made his NGRI plea or on direct appeal. Habeas relief is not a substitute for direct appeal or postconviction proceedings. *Denney*, 396 S.W.3d at 337. Claims that were cognizable on direct appeal or in postconviction proceedings are procedurally barred. *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000).

An appeal is proper "[i]n all cases of final judgment rendered upon any indictment or information." Section 547.070. "No right of an appeal exists without statutory authority." *State v. Craig*, 287 S.W.3d 676, 679 (Mo. banc 2009). There is no statutory right to appeal from an acquittal as a result of an NGRI plea. *State ex rel. Koster v. Oxenhandler*, 491 S.W.3d 576 (Mo. App. 2016) ("Habeas is thus the *only* viable means

4

by which the lawfulness of confinement as a result of the NGRI defense can be challenged." (emphasis added)).[2]  Because the trial court acquitted Kelly as a result of an NGRI plea, he could not have filed a direct appeal and habeas is the proper remedy in this case.

Similarly, Kelly's failure to raise his claim in the circuit court does not bar him from habeas relief.  The State cites *State ex rel. Strong v. Griffith*, 462 S.W.3d 732 (Mo. banc 2015), in support of its argument that Kelly's claim is procedurally barred for failure to raise the claim in the circuit court, but that case can be distinguished on its facts.  The Court in *Strong* determined the claim was barred not only because it was not raised at trial, but also because it was not raised during post-conviction proceedings.  462 S.W.3d at 734.  Kelly, on the other hand, could not have raised his claim at post-conviction proceedings because he was acquitted – not convicted.  *See* Rule 24.035(a).[3]

---

[2] Indeed, Missouri courts have addressed habeas claims after NGRI pleas when the petitioner did not file a direct appeal from the underlying case.  *See Oxenhandler*, 491 S.W.3d 576 (Mo. App. 2016) (addressing habeas claims following acceptance of NGRI plea when petitioner did not file a direct appeal); *see also State ex rel. Hawley v. Heagney*, 523 S.W.3d 447 (Mo. banc 2017) (reviewing circuit court's grant of habeas relief following acceptance of NGRI plea when defendant did not file a direct appeal).

[3] The dissenting opinion asserts Kelly's claim is procedurally barred because he had two remedies he could have pursued in the circuit court.  Slip op. at 2.  Importantly, and as the dissenting opinion recognizes, both of these remedies are for individuals committed to the department of mental health pursuant to section 552.020.8.  These remedies were not available to Kelly, as the circuit court's order and procedural posture in this case indicate Kelly was committed pursuant to section 552.030.2 – not section 552.020.8.  Indeed, the circuit court's order is titled "Order Committing Defendant to Department of Mental Health (State Acceptance of Mental Defense)," indicating the circuit court committed Kelly as a result of its acceptance of Kelly's NGRI plea.  Further, a commitment pursuant to section 552.020.8 occurs after a circuit court suspends criminal proceedings.  *See* section 552.020.8 ("If the court determines that the accused lacks mental fitness to proceed, *the criminal proceedings shall be suspended . . .*" (emphasis added)).  The circuit court in this case did not suspend the criminal proceedings but, instead, committed Kelly pursuant to section 552.030.2 after finding him not guilty by reason of

The procedural bar to habeas proceedings exists "[o]ut of concern over duplicative and unending challenges to the finality of a judgment." *Clay*, 37 S.W.3d at 217. Such a concern is inapplicable here, as Kelly could not have raised his claims on direct appeal or in a postconviction proceeding. For these reasons, Kelly's claim is not procedurally barred, and this Court will proceed to the merits.

## II. Does Kelly's Claim Warrant Habeas Relief?

Section 552.020.8 provides, "If the court determines that the accused lacks mental fitness to proceed, *the criminal proceedings shall be suspended* and the court shall commit him to the director of the department of mental health." (Emphasis added). The circuit court determined Kelly lacked mental fitness to proceed, as the court's order stated he "lack[ed] capacity to understand the proceedings against him or to assist in his own defense." But the circuit court did not follow the procedure in section 552.020.8, as it did not subsequently suspend the proceedings. Instead, in the same order, the circuit court accepted Kelly's NGRI plea, acquitted him, and then committed him to the department of mental health.[4]

_____

mental disease or defect. *See* section 552.030.2 ("Upon the state's acceptance of the defense of mental disease or defect excluding responsibility, the court shall proceed to order the commitment of the accused."). For these reasons, and contrary to the dissenting opinion's assertions, Kelly did not have the section 552.020 remedies available to him.

[4] Had the circuit court adhered to the statutory requirement and committed Kelly to the department of mental health pursuant to section 552.020.8, six months after his commitment Kelly would have been entitled to an examination to ascertain whether he was fit to proceed. Section 552.020.10(1). Indeed, section 552.020.10 provides it is the circuit court's duty to order an examination. Section 552.020.10(1). If found fit to proceed, the criminal proceedings would have resumed. Section 552.020.10(4). If found unfit to proceed with "no substantial probability" of fitness to proceed in the reasonable future, the charges would have been dismissed and Kelly would have been discharged. Section 552.020.10(6). In this situation, the probate division has jurisdiction over the accused to determine whether he should be

6

A circuit court's adherence to section 552.020 procedure is necessary to protect a defendant's due process right to a fair trial. *State v. Driskill*, 459 S.W.3d 412, 423 (Mo. banc 2015). Upon a finding of a defendant's incompetency, "due process considerations require suspension of the criminal trial until such time, if any, that the defendant regains the capacity to participate in his defense and understand the proceedings against him." *Medina v. California*, 505 U.S. 437, 448 (1992).[5] "[C]ommitment *for any purpose* constitutes a significant deprivation of liberty that requires due process protection." *Oxenhandler*, 491 S.W.3d at 592 (quoting *Jones v. United States*, 463 U.S. 354, 361 (1983)). Accordingly, by accepting Kelly's NGRI plea despite finding him incompetent to proceed, the circuit court violated Kelly's due process rights.

---

involuntarily detained or declared incapacitated and placed in a mental health facility. *Id.* But because the circuit court committed Kelly to the department of mental health as a result of the NGRI plea – rather than as a result of his incompetence – Kelly has not received a mental evaluation following his commitment 28 years ago, and he has remained in the department of mental health's custody ever since.

[5] Other states' courts have made similar statements of law. *Allen v. State*, 956 P.2d 918, 919 (Okla. Crim. App. 1998) ("A criminal defendant must be competent to go to trial or to enter a plea."); *Thompson v. Crawford*, 479 So. 2d 169, 180 (Fla. Dist. Ct. App. 1985) ("We further conclude that the trial court lacked authority to find [the defendant] not guilty by reason of insanity because [the defendant] was considered to be, and, in fact, was found to be, incompetent at the time said finding was made."); *State v. Champagne*, 497 A.2d 1242, 1248 (N.H. 1985) ("[A] defendant cannot be competent for some trial proceeding purposes and incompetent for others."); *State v. Smith*, 564 P.2d 1154, 1155 (Wash. 1977) ("[T]he original not guilty by insanity plea was invalid. . . . The record indicates, and both parties expressly agree, defendant was incompetent when the original plea was entered."), *overruled on other grounds by State v. Jones*, 664 P.2d 1216 (Wash. 1983); *Commonwealth v. Harris*, 243 A.2d 408, 409 (Pa. 1968) ("Unless a person is mentally competent, he should not be required to either stand trial or plead to a criminal indictment."); *State v. English*, 424 P.2d 601, 607 (Kan. 1967) ("It has long been recognized in this state that an insane person cannot be required to plead to a criminal charge and cannot be tried.").

When a petitioner asserts a due process violation as a result of the circuit court exceeding its authority pursuant to section 552.020, a writ of habeas corpus is the proper remedy. *See* Rule 91.01; *McKee*, 39 S.W.3d at 570 (holding habeas was the proper avenue of relief for the petitioner's claim that a finding of incompetency precluded the circuit court's acceptance of his NGRI plea). For these reasons, habeas relief is proper in this case, and Kelly's NGRI plea is vacated.

**Conclusion**

By accepting Kelly's NGRI plea despite finding him incompetent to proceed, the circuit court exceeded its authority pursuant to section 552.020.8 and violated Kelly's due process rights. Accordingly, Kelly's NGRI plea is vacated, and the criminal proceedings against him remain pending, although suspended by virtue of the circuit court's additional finding that Kelly was incompetent to proceed.

Because of the improper commitment after acceptance of Kelly's NGRI plea, the department of mental health did not conduct an examination of Kelly six months after his commitment to ascertain whether he was fit to proceed, as required by section 552.020.10(1). Within 90 days from the date the mandate issues in this case, the circuit court should order such an examination to be conducted pursuant to section 552.020.11(1), RSMo Supp. 2018. After the completion of the examination, the procedure in section 552.020.11, RSMo Supp. 2018, should govern.[6]

_____
Mary R. Russell, Judge

Draper, C.J., Breckenridge and Stith, JJ., concur;
Powell, J., dissents in separate opinion filed; Wilson
and Fischer, JJ., concur in opinion of Powell, J.

---

[6] The intention of this remedy is to return Kelly to the position he was in prior to the circuit court's erroneous 1991 order. *See Oxenhandler*, 491 S.W.3d at 606. Because Kelly should not be held in the department of mental health pursuant to a 28-year-old competency evaluation, the 90-day period allows time for the department of mental health to conduct a competency evaluation pursuant to section 552.020, RSMo Supp. 2018, as to be ordered by the circuit court. Creation of a time period to allow the State or circuit court to act is a common remedy in this Court's habeas proceedings. *See State ex rel. Fleming v. Mo. Bd. of Prob. & Parole*, 515 S.W.3d 224, 234 (Mo. banc 2017) (allowing 60 days from the date the mandate issues for the State or sentencing court to reinitiate revocation proceedings against the petitioner); *Clemons*, 475 S.W.3d at 88-89 (allowing the State 60 days from the date the mandate issues to file an election to retry the petitioner).



# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. MICHAEL KELLY, )
)
Petitioner, )
)
v. ) No. SC97744
)
JULIE INMAN, )
)
Respondent. )

## DISSENTING OPINION

I respectfully dissent. This Court should refrain from issuing any original remedial writ when an alternative remedy is available from a lower court. *See* Rule 84.22(a); *see also Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000) ("The relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available."). This Court instead should adhere to the well-established principle that habeas relief should be denied "if the petitioner raises procedurally barred claims that could have been raised at an earlier stage **or if other adequate remedies are available**." *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 546 (Mo. banc 2003) (emphasis added). Because Kelly has at least two

alternative means of redressing the alleged violation of his due process right before petitioning this Court for a writ of habeas corpus, his instant claim is procedurally barred.

**Alternative means to redress Kelly's alleged due process violation**

I agree with the principal opinion's conclusion that Kelly could not have raised his due process claim on direct appeal or in postconviction proceedings. *See* slip op. at 5. I disagree, however, with the principal opinion's conclusion that Kelly exhausted all alternative remedies before seeking a writ of habeas corpus in this Court, as section 552.020[1] provides Kelly with at least two alternative remedies, which he has not pursued.

Kelly first could have sought to enforce the procedural hearings required by section 552.020.11, RSMo Supp. 2018.[2] That subsection entitles a person committed pursuant to section 552.020 for lack of mental capacity to a hearing six months after being committed "to ascertain whether the accused is mentally fit to proceed" or "whether there is a substantial probability that the accused will attain the mental fitness to proceed to trial in the foreseeable future." § 552.020.11(1), RSMo Supp. 2018. Kelly has not sought such a hearing and is, therefore, procedurally barred from bringing this habeas action. *Amrine*, 102 S.W.3d at 546.

The principal opinion contends Kelly is not procedurally barred for failing to first seek this alternative remedy because it was not available to him in that he was not

---

[1] When Kelly was committed to the department of mental health in 1991, sections 552.020 and 552.030, RSMo 1986, were in effect. Statutory references, therefore, are to RSMo 1986 unless noted otherwise.

[2] The remedy currently provided by section 552.020.11, RSMo Supp. 2018, was also available to Kelly after his commitment to the department in 1991 pursuant to section 552.020.10(1).

2

committed to the department of mental health pursuant to section 552.020. But the most legally sound interpretation of the circuit court's order committing Kelly to the department is that he was committed pursuant to section 552.020 because he was not competent to proceed in the criminal case. While it is clear the circuit court committed Kelly to the department of mental health, it is entirely unclear from the court's 1991 order whether he was committed pursuant to section 552.030.2 as a person not guilty by reason of mental disease or defect[3] or pursuant to section 552.020.8 as a person found incompetent to proceed. In the first full sentence of the circuit court's 1991 order, the court finds Kelly "lacks mental fitness to proceed with the charges against him." With this finding, the court adjudged Kelly incompetent to proceed pursuant to section 552.020. This finding suspended the criminal proceedings by operation of law.[4] In the next two sentences,

---

[3] Section 552.030.1 provides, in pertinent part, "A person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect he did not know or appreciate the nature, quality, or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law." "This is commonly known as the defense of 'not guilty by reason of insanity' or NGRI." *State v. Walkup*, 220 S.W.3d 748, 754 (Mo. banc 2007). "Upon the state's acceptance of the defense of mental disease or defect excluding responsibility, the court shall proceed to order the commitment of the accused[.]" § 552.030.2.

[4] In support of its position that Kelly was not committed pursuant to section 552.020, the principal opinion contends, "the circuit court in this case did not suspend the criminal proceedings." Slip op. at 5 n.3; *see also* slip op. at 6 ("[T]he circuit court did not follow the procedure in section 552.020.8, as it did not subsequently suspend the proceedings."). But, as the principal opinion acknowledges, section 552.020.8 provides, "If the court determines that the accused lacks mental fitness to proceed, *the criminal proceedings shall be suspended,* and the court shall commit him to the director of the department of mental health." (Emphasis added). Under the plain language of section 552.020.8, therefore, no court action is required to suspend the criminal proceedings after finding a defendant is incompetent to proceed. Rather, criminal proceedings are suspended by operation of law upon a determination by the court that the defendant lacks the mental fitness to proceed.

3

however, the court proceeds to find Kelly "is not guilty of the crimes charged . . . by reason of a mental disease or defect excluding responsibility," thereby accepting Kelly's NGRI plea pursuant to section 552.030. Both sections 552.020 and 552.030 provide for commitment to the department of mental health upon a finding of incapacity pursuant to that section. *See* § 552.020.8; § 552.030.2. In the final sentences of the order, the circuit court commits Kelly to the department of mental health but does not designate whether Kelly's commitment is pursuant to section 552.020 (competency) or section 552.030 (NGRI).

The principal opinion contends "the circuit court's order and procedural posture in this case indicate Kelly was committed pursuant to section 552.030.2 – not section 552.020.8." Slip op. at 5 n.3. The principal opinion's basis for this argument, however, appears to be only that "the circuit court's order is titled 'Order Committing Defendant to Department of Mental Health (State Acceptance of Mental Defense).'" *Id*. This, according to the principal opinion, indicates "the circuit court committed Kelly as a result of its acceptance of Kelly's NGRI plea." *Id*. But if the criminal proceedings were indeed suspended upon a finding that Kelly was incompetent to proceed pursuant to section 552.020.8, then the circuit court lacked authority to accept his NGRI plea in the first place. Because Kelly's criminal case was suspended upon the finding that he was incompetent to proceed, there was no active criminal proceeding into which he could enter a plea of NGRI.

---

Because the court found Kelly incompetent to proceed, the criminal proceedings were suspended by operation of law.

4

Moreover, the principal opinion acknowledges the circuit court exceeded its authority by not following the procedural requirements of section 552.020 and accepting Kelly's NGRI plea when he was incompetent to proceed. Slip op. at 8. Therefore, even under the principal opinion's analysis, the only legal basis for Kelly's commitment to the department of mental health would have been pursuant to section 552.020.8 as a person incompetent to proceed. Indeed, Kelly could not have been committed pursuant to section 552.030 as a person found not guilty by reason of mental disease or defect both because he was not competent to enter a plea of NGRI, as the principal opinion recognizes, and because the criminal proceedings were suspended by operation of law upon the circuit court's finding that he lacked the mental fitness to proceed.

The interpretation of the circuit court's 1991 order is a question of law. *Lodahl v. Papenberg*, 277 S.W.2d 548, 551 (Mo. 1955). This Court should interpret the ambiguous order in a manner that renders the order valid. *See Jeans v. Jeans*, 314 S.W.2d 922, 925 (Mo. App. 1958) ("It may be presumed that the court intended to render a valid, not a void, judgment; and, where it is reasonably possible to do so, such construction should be adopted as will give force and effect to the judgment . . . and will support rather than destroy it."). Interpreting the circuit court's 1991 order in the only way that renders it valid, Kelly was committed to the department of mental health pursuant to section 552.020.8, and he was, therefore, entitled to a hearing pursuant to section 552.020.10(1), now provided by section 552.020.11, RSMo Supp. 2018,[5] to determine whether he had since become

_____

[5] Because section 552.020 was amended August 28, 2018, Kelly's case would proceed on remand to the circuit court pursuant to the current version of the statute.

5

competent or was likely to become competent in the foreseeable future. His failure to seek this alternative remedy procedurally bars his instant habeas petition. *Amrine*, 102 S.W.3d at 546.

Section 552.020.9 provided Kelly's second alternative remedy. At the time of Kelly's commitment, that subsection provided in pertinent part, "Any person committed pursuant to subsection 8 of this section shall be entitled to the writ of habeas corpus upon proper petition **to the court that committed him**." § 552.020.9 (emphasis added).[6] Pursuant to that subsection, Kelly could have first filed a petition for writ of habeas corpus with the Jackson County circuit court, not the St. Francois County circuit court. Although Rule 91.02(a) provides a petition for writ of habeas corpus shall first be filed with the court "for the county in which the person is held in custody," the right to habeas corpus provided by section 552.020.9 is nevertheless an alternative remedy that was available to Kelly before he filed his habeas petition in this Court. Because Rule 84.22(a) prohibits this Court from issuing any remedial writ when an alternative remedy is available in a lower court, Kelly's failure to seek habeas corpus pursuant to section 552.020.9 bars his instant petition. *See Amrine*, 102 S.W.3d at 546. What is more, the Jackson County circuit court continues to have authority over Kelly because the criminal case against him was merely suspended upon the finding that he was incompetent to proceed. § 552.0208. Filing his habeas

---

[6] This remedy is now provided by section 552.020.10, RSMo Supp. 2018.

6

petition in the circuit court that committed him would have allowed that court to correct its alleged error in accepting Kelly's NGRI plea before this Court considers any such error.[7]

Kelly was committed pursuant to section 552.020.8; therefore, he was entitled to a hearing pursuant to the provisions of 552.020 to determine whether he had since become competent or was likely to become competent in the foreseeable future. He could have sought such a hearing but did not. He was also authorized to petition the circuit court of Jackson County for a writ of habeas corpus pursuant to section 552.020.9. Kelly's failure to pursue either of these alternative remedies before seeking habeas corpus in this Court procedurally bars his instant habeas petition.

### Conclusion

Because Kelly had at least two alternative means of remedying the alleged violation of his due process right, which he did not pursue before seeking habeas relief in this Court, his instant habeas petition is procedurally barred. For these reasons, I respectfully dissent.

_____
W. Brent Powell, Judge

---

[7] This option would also serve the well-established principle that this Court should not pass upon issues that the circuit court did not first decide. *Cf. State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008).

7